SCHOTT, Judge.
Plaintiff has appealed from a dismissal of its suit against People’s Bank & Trust Co., Inc. of Biloxi, Mississippi, on a declinatory exception to the jurisdiction ratione personae. The issue is whether a Louisiana court has jurisdiction by virtue of the Long Arm Statute, LSA R.S. 13:3201.
The bank is a Mississippi corporation and has no agent for the service of process in Louisiana. Plaintiff alleged that the bank wrongfully directed the release to defendant Johnson Seafood Canning Co., Inc. of shrimp in storage belonging to plaintiff. The bank’s involvement apparently stems from its possession of negotiable warehouse receipts for the shrimp. While it is not clear from the record it seems that these receipts were pledged as collateral for a loan or were otherwise negotiated to the bank in connection with one or more transactions which took place in Mississippi. In any event, the only connection with Louisiana was the storage of the shrimp in a warehouse in the state.
R.S. 13:3201 provides in pertinent part as follows:
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
(a) transacting any business in this state;

(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;”
It does not appear from the pleadings, or from appellants’ brief that they are relying on the transaction itself which must have taken place in Mississippi to warrant the application of Paragraph (a) of the statute. Rather, in the brief appellants came to rely on Paragraph (d) since they have alleged, although somewhat vaguely, that the bank has committed an offense or quasi offense which caused them damage, and they argue that we can take judicial notice of the facts that the bank, because of its close proximity to New Orleans, has customers in Louisiana and handles loans, deposits, checks and other transactions for these customers. Appellants also contend that the bank, being geographically located in the Sixth Federal Reserve District located in Atlanta, Georgia, is subject to the administration and control of the branch Federal Reserve Bank in New Orleans.
In the first place, the fact that the bank may have customers in Louisiana does not provide a basis for us to judicially notice those elements required under R.S. 13:3201(d) to provide a basis for the exercise of Louisiana jurisdiction over the bank. *598 Secondly, the bank’s involvement with the branch of the Federal Reserve Bank in New Orleans results from the Federal Reserve system itself which cuts across state lines and has no substantial relationship to the physical location of the branches. It is simply a geographical accident that the branch is located in New Orleans. The branch’s processing of a Mississippi bank’s business is a federal government activity and does not, by its presence in this state, cause the Mississippi bank to be transacting business in the state in the sense of the Long Arm Statute.
In Specialized Electronics, Etc. v. Oil and Nat. Gas Conn., 340 So.2d 385 (La.App. 4th Cir., 1976) we held that our courts did not acquire jurisdiction over a foreign bank which simply mailed a check to a Louisiana address. In the instant case, the connection between the bank and the state is even more remote than in the cited case. We have concluded that the action of the trial court in maintaining the declinatory exception was consistent with our previous decision and with Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977) and Drilling Eng. Inv. v. Independent Indon. Amer. Pet. Co., 283 So.2d 687 (La.1973).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.