462 So.2d 228 (1984)
Erich A. KOENIGER
v.
Paul R. LENTZ et al.
No. C 3075.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1984.
Alan H. Goodman, Roger A. Stetter, Lemle, Kelleher, Kohlmeyer, Huntley, Moss & Frilot, New Orleans, for petitioner.
William F. Wessel, New Orleans, for respondents Herman A. Dressel and Robert W. Hutchins.
Bruce C. Ashley, II, New Orleans, for respondent Paul R. Lentz.
Before REDMANN, C.J., and WARD and WILLIAMS, JJ.
REDMANN, Chief Judge.
We grant certiorari to review and we affirm a refusal of summary judgment.
Mover, a continuing guarantor, in large part paid the principal debts he and respondents had guaranteed, and for the balance he gave his note. He was conventionally subrogated to all rights of the creditor bank. He then sued on the original notes and guaranties, demanding from his co-guarantors the full amount (or alternatively their virile shares) of the principal and interest, plus the attorney's fees provided in the note.
Aiavolasiti v. Versailles Gardens Land Dev. Co., 371 So.2d 755 (La.1979), holds that, in the absence of their "clearly expressing an intention to be bound as solidary obligors even among themselves," continuing guarantors occupy the position of sureties in their relations towards one another, and that when one guarantor "paid or otherwise discharged the debts," id. at 756,
"The principal debtor and the other sureties were discharged by [that one guarantor's] payment, and his recourse against them consequently must be based on law, as provided by the suretyship rules, and not on contract. The court of appeal, therefore, reached the correct result ... in denying plaintiff *229 judgment based on the promissory note." Id. at 758.
Even as to one note with the accomodation indorsement of the guarantors, "not discharged" by payment by "a party secondarily liable thereon," former R.S. 7:121 [N.I.L. § 121], "the rights and obligations among the six [guarantors] are governed by the rules of suretyship...." Id. at 760.
Petitioner seeks to have the notes here involved treated as not discharged, and himself as their subrogee, as a similarly situated plaintiff may appear to have been treated in Fox v. Corry, 149 La. 445, 89 So. 410 (1921). Fox did speak of its plaintiff as having "a right of action as transferee of the bank," but that language may be deemed unessential to the opinion because of two circumstances. First, Fox used that language in responding to an argument that C.C. 3058 gives the surety a remedy against co-sureties "only, when such person has paid in consequence of a lawsuit instituted against him." Because that provision of art. 3058 is not applicable among solidary co-sureties (see Aiavolasiti), that language in Fox may be deemed obiter dictum. Second, the judgment in Fox in fact did not award the attorney's fees provided by the notes, and awarded legal interest rather than the interest provided by the note. Thus in fact the plaintiff in Fox did not recover as a "transferee" of the notes or in accordance with their terms but only as a co-surety under art. 3058. To the extent that Fox may suggest that a co-surety could buy rather than pay the principal obligation, and thereby become entitled to the original creditor's rights against the other co-sureties, we deem it inconsistent with Aiavolasiti, which we are bound to follow.
We conclude that plaintiff may not sue on the notes, and that his rights against his co-guarantors are governed by the rules of suretyship.
The basic rule as between sureties is that "the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share of each ...," C.C. 3058. Plaintiff's motion for summary judgment does not show that there is no genuine dispute over the relative shares of the sureties.
Affirmed.