WARD, Judge.
Erich A. Koeniger appeals a Trial Court judgment dismissing his suit against Paul R. Lentz, Herman A. Dressel and Robert W. Hutchins,[1] his co-sureties on two promissory notes. The maker of the two notes was Poydras Productions, a Louisiana limited partnership. Koeniger, as a surety, paid the notes when Poydras Productions defaulted and thereafter sued his co-sureties for the entire amount or alternatively their proportionate share of the principal, interest, attorney’s fees and costs on the two notes.
*623 We reverse. We hold the remaining sureties, Lentz and Dressel, each liable to Koeniger for one-fourth of the amount paid by Koeniger, plus legal interest, attorney’s fees and costs.
Poydras Productions was formed on September 21, 1981 to own and operate, a nightclub in New Orleans. Lentz and Dressel were general partners and Koerii-ger, Hutchins and Jim Halsey were limited partners. On December 2, 1981 the articles of the partnership were amended to make Dressel a limited partner.
On November 6, 1981 a Poydras Productions resolution signed by Koeniger, Lentz, Dressel and Hutchins authorized the partnership, acting through Lentz, to borrow $525,000.00 from the Bank of New Orleans and Trust Company to open and operate the nightclub. Lentz, on behalf of the partnership, executed a promissory note in the amount of $525,000.00 payable to BNO on demand, or if no demand was made;, on March 2, 1982. Koeniger, Lentz, Dressel and Hutchins each signed a separate “continuing guaranty” agreement to secure payment to BNO of any indebtedness of the partnership up to $525,000.00 plus interest and attorney’s fees. Koeniger also pledged 10,375 shares of stock as collateral for the note.
The $525,000.00 note was renewed on April 19, 1982, at which time a promissory note for $21,319.36 was executed by Lentz on behalf of the partnership to capitalize unpaid interest on the first note. Koeniger pledged the same stock as collateral for the second note, and Koeniger, Lentz, Dressel and Hutchins each gave a new continuing guaranty to secure payment of the $21,-319.36 note because their original guaranties secured only the $525,000.00 note.
Because the partnership was in financial trouble, the articles of the partnership were amended on June 2, 1982 to restructure the capitalization and percentage of ownership interests of some of the partners. Koeniger became the sole general partner and Lentz became a limited partner. Koeniger lent the partnership approximately $200,000.00 of his own money in a further attempt to keep the club afloat. Despite these efforts, the club failed financially. Poydras defaulted on its loan obligations to BNO and filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.
When the First National Bank of Commerce, BNO’s successor, demanded payment from Koeniger, Lentz, Dressel and Hutchins on their continuing guaranties, Koeniger paid $619,533.35 — the entire amount owed by Poydras Productions, including accrued interest, on the two notes. As a condition of the payment, the bank conventionally subrogated Koeniger to all its rights and transferred the notes and continuing guaranties to him. Koeniger then filed the present suit against Lentz, Dressel and Hutchins seeking recovery of the entire amount paid from any one of three or alternatively their proportionate share of the entire amount paid, plus interest, attorney’s fees and costs as provided by the notes.
Lentz filed an answer denying the allegations in Koeniger’s petition. Dressel and Hutchins filed an exception of lack of personal jurisdiction which was denied by the Trial Judge and affirmed on writs to this Court in Koeniger v. Lentz, 450 So.2d 680 (La.App. 4th Cir.1984).
Dressel and Hutchins then answered Koeniger’s petition and admitted the execution and validity of the two notes and the correctness of amounts sued for on the notes. On the basis of these admissions, Koeniger filed a motion for summary judgment which was denied by the Trial Court and affirmed on writs to this Court in Koeniger v. Lentz, 462 So.2d 228 (La.App. 4th Cir.1984). Relying on Aiavolasiti v. Versailles Gardens Land Development Co., 371 So.2d 755 (La.1979), this Court concluded that Koeniger could not be conventionally subrogated to the creditor bank’s right to recover the entire amount owed on the notes from any one of the co-sureties but that he could recover from each co-surety only his proportionate share of the entire amount paid.
*624 The case was remanded for trial because this Court believed genuine issues of fact remained unresolved. After a hearing, a Commissioner recommended that Koeni-ger’s suit be dismissed. In his report of the case, the Commissioner first stated that when the partnership was created, Koeni-ger was the “money man” behind the formation of the limited partnership but that he did not assume responsibility for its debts because he was a limited partner. The Commissioner then stated that Koeni-ger made himself primarily liable for the partnership debts when he became the sole general partner of Poydras. Koeniger’s purchase of the notes from the creditor bank, the Commissioner stated, “only discharged that obligation v/hich he primarily had as a result of his status as the general partner.”
The Commissioner further noted that the partnership articles and amendments to these articles disclosed unequal percentages of ownership among Koeniger, Lentz, Dressel and Hutchins. The Commissioner concluded by stating that Koeniger’s “belated attempt to force other partners, previously general partners and limited partners, to further invest in a now defunct ... partnership in commendam is not warranted by the facts presented, or in law.”
The Trial Judge adopted the report of the Commissioner and entered a judgment dismissing Koeniger’s suit. Koeniger appeals, seeking a reversal of the Trial Court judgment and recovery from Lentz and Dressel of their proportionate share of Poy-dras Productions’ debt plus legal interest. As previously noted, Koeniger’s claim against Hutchins was stayed by the United States Bankruptcy Court.
The Trial Court’s holding misconstrues the nature of this case. Koeniger is not suing Lentz, Dressel and Hutchins on the basis of their obligations as general or limited partners but as co-sureties, each of whom gave his separate continuing guaranty for payment of the Poydras Productions notes to the creditor bank. It is completely irrelevant to the resolution of this case that the notes were executed on behalf of Poy-dras Productions when Lentz and Dressel were the general partners and Hutchins and Koeniger were limited partners and that they matured when Koeniger was the sole general partner.
Although a limited partner is not liable as a partner for more than his agreed contribution to the partnership under Louisiana Civil Code Article 2840, he may nevertheless become liable as an individual guarantor of a partnership debt if he enters into a written guaranty agreement, and he is bound by the terms of the guaranty. See Whitney National Bank of New Orleans v. Derbes, 436 So.2d 1185 (La.App. 4th Cir.), cert. denied, 441 So.2d 1220 (La.1983), cert. denied, 466 U.S. 938, 104 S.Ct. 1912, 80 L.Ed.2d 460 (1984), where limited partners, as endorsers, were found liable in solido for the entire amount of a promissory note executed on behalf of the limited partnership. In the present suit, Lentz, Dressel and Hutchins each executed and signed separate continuing guaranty agreements personally guarantying payment of the two promissory notes. They are therefore bound by the terms of those guaranties.
Accordingly, the judgment appealed is reversed and we enter judgment in favor of Koeniger and against the remaining sureties, Lentz and Dressel, holding each liable for one-fourth of the partnership debt discharged by Koeniger, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings both in the trial and appellate courts. Koeniger’s claim against Hutchins is stayed, in accordance with the order of the United States Bankruptcy Court.
REVERSED.

. On February 22, 1985, defendant Hutchins filed a petition for bankruptcy resulting in an automatic stay of Koeniger’s claim against him.