JASPER E. JONES, Judge.
Appellant-third-party plaintiff, the Ster-lington Bank, a Louisiana bank, appeals a judgment sustaining a declinatory exception of lack of in personam jurisdiction filed by the third-party defendant, Bennie Ry-burn, Sr., an Arkansas resident.
We affirm.
FACTS
The First State Bank of Warren, an Arkansas bank, received a check in the amount of $51,015.31 in payment of an outstanding loan. The check was drawn upon an account at the Sterlington Bank where it was presented for payment. After the midnight deadline of LSA-R.S. 10:4-302, the Sterlington Bank returned the check because of insufficient funds.[1]
The First Bank of Warren filed suit against the Sterlington Bank on July 16, 1984, seeking to collect the check, alleging violation of the statutory time period. The Sterlington Bank answered, denying all liability, and filed a third-party demand for indemnity against Bennie Ryburn, Sr. and five other individuals. The third-party plaintiff alleged that at a meeting held at the Commercial Bank and Trust of Monticello, Arkansas, on April 24, 1984, Ryburn gave assurances to the president of the Sterlington Bank that the First Bank of Warren would not contest the dishonor of the check sued upon should it be held by Sterlington Bank and returned after the midnight deadline.
Ryburn filed a declinatory exception of lack of in personam jurisdiction. The record established Ryburn’s contacts with Louisiana are limited to the following circumstances:
a. He owns 11% of the stock in an Arkansas corporation that owned Louisiana mineral rights including a 3.25% royalty interest in five producing gas wells in Richland Parish, Louisiana. The corporate monthly royalty income is approximately $3,000. This Arkansas corporation owned a Louisiana corporation which bought and sold a gas pipeline;
b. He is sole stockholder of Pacesetter Realty, an Arkansas corporation, which has as its sole asset a house and lot located in Union Parish, Louisiana;
c. He had an ownership interest for 20 years in Ryburn Ford, located in Monticello, Arkansas. This automobile dealership sold a number of vehicles to Louisiana residents;
d. He made a personal loan of $200,000 to a Louisiana resident and he guaranteed a $100,000 loan for this same resident at the Bank of Parkdale, Arkansas.
The trial court sustained the exception holding there were insufficient contacts to maintain in personam jurisdiction under *675 LSA-R.S. 13:3201. The trial court found Ryburn’s business transactions with Louisiana could be characterized as “only the most casual, indirect and occasional ...” and, that as the allegedly fraudulent offense occurred at a meeting in Arkansas, the lack of any persistent course of conduct in Louisiana precluded jurisdiction.
The Sterlington Bank’s sole assignment of error presents the following issue for decision: Did the trial court err when it ruled there was no in personam jurisdiction over Ryburn under LSA-R.S. 13:3201?
We agree the record does not establish a relationship with Louisiana sufficient to satisfy the constitutional limitations on this statute.
LAW ON ESTABLISHING IN PERSONAM JURISDICTION UNDER LSA-R.S. 13:3201
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident: (1) Transacting any business in this state.... (4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any persistent course of conduct or derives revenue from goods used or consumed or services rendered in this state....” LSA-R.S. 13:3201.[2] “When personal jurisdiction over a nonresident is based solely upon R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him.” LSA-R.S. 13:3202.
The Louisiana Long-Arm Statute is intended to encompass the maximum jurisdictional outreach allowed under the United States Constitution. The basic due process requirement for jurisdiction over a person is minimum contacts with the forum state. Physical entry into the forum state is not essential but there must be a substantial connection between the defendant’s activities and the forum state. These contacts cannot be “isolated,” “fortuitous” or “attenuated” and the person must have fair warning that an activity may subject him to foreign jurisdiction. The defendant’s relationship with the plaintiff is a factor that may enhance the contacts with the forum state. Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985). Although the Louisiana Long-Arm Statute is to be interpreted liberally in favor of finding jurisdiction, the question of the applicability of LSA-R.S. 13:3201 is basically an issue of fact, the determination of which must rest upon the particular circumstances of each individual case. Stuckey v. Stuckey 434 So.2d 513 (La.App. 2d Cir.1983), writ den., 440 So.2d 145 (La.1983); Aucoin v. Hanson, 207 So.2d 834 (La.App. 3d Cir.1968).
DID THE TRIAL COURT ERR IN RULING THERE WAS NO JURISDICTION UNDER LSA-R.S. 13:3201?
Sterlington Bank argues there is jurisdiction under LSA-R.S. 13:3201(1) because the April 24, 1984, Arkansas meeting constituted the transaction of business in Louisiana. It is also asserted jurisdiction lies under LSA-R.S. 13:3201(4) in that Ryburn’s prior business activities in this state amount to a persistent course of conduct and the generation of substantial revenue. The appellant argues the alleged misrepresented intent not to contest the returned check qualifies the cause of action as an offense committed out of state which caused harm in Louisiana.

Does jurisdiction lie under LSA-R.S. 13:3201(1)?

Sterlington Bank argues that even though the meeting took place in Arkansas, it was preceded by telephone calls and per *676 sonal visits to Louisiana. They cite Aucoin v. Hanson, supra, for the proposition that it is not essential to the determination of jurisdiction that the final contact be entered into in Louisiana.
The record establishes that the April 24, 1984, meeting in Arkansas was called solely to discuss the acquisition of oil and gas property in Oklahoma and the individuals in attendance were acting in their own personal interests and not in any representative capacity. The record also reveals the subject of the payment of outstanding loan at the Warren Bank first arose at the conclusion of this meeting. There is no evidence that payment of the $51,015.31 loan amount was discussed with anyone prior to this point in time at the Arkansas meeting. There is also no evidence that any prior telephone calls to Louisiana, or of any personal visits in this state which may have taken place in preparation of this meeting, had anything whatsoever to do with the subject of payment to the Warren Bank of the outstanding balance on the loan.
We conclude that the April 24,1984, meeting, in regard to the decision to deliver the $51,015.31 check to the Warren Bank, does not amount to the transaction of business in Louisiana. The cited case of Aucoin v. Hanson, supra, does not support the position of the Sterlington Bank as jurisdiction there was based upon the fact that the Mississippi defendant benefited from the solicitations of an agent acting within Louisiana and upon the fact that payment for the sales contract in question was mailed from this state. In the instant case, there is no evidence of any related prior Louisiana contacts concerning the payment of the loan to the Warren Bank. There is, however, substantial evidence that issuance of the check was initiated and completed in Arkansas and from personal business activity occurring solely in that state. The only connection between the Arkansas meeting and the Sterlington Bank was through the normal check collection process, a fact insufficient to establish jurisdiction. Sidney Fabre & Son v. Johnson Seafood Canning, 376 So.2d 596 (La.App. 4th Cir.1979).

Does jurisdiction lie under LSA-R.S. 13:3201(j)?

Sterlington Bank asserts Ryburn’s prior business activities reveal a persistent course of conduct in Louisiana and that he derives substantial revenue from these activities. As such, Sterlington Bank contends Ryburn’s participation in the meeting of April 24, 1984, amounts to an out of state offense causing harm in Louisiana and that jurisdiction is established under LSA-R.S. 13:3201(4).
Sterlington Bank argues Ryburn’s prior contacts with Louisiana consist of: (1) he owned shares in two Arkansas corporations that have some Louisiana business connection; (2) he owned an automobile dealership in Monticello, Arkansas, from 1946-1969 that sold some cars in Louisiana; and (3) he made a personal loan to a Louisiana resident and guaranteed a loan made by an Arkansas bank to a Louisiana resident.

(1) Shareholder interest in Arkansas corporations

The record establishes only that Ryburn is a shareholder in two Arkansas corporations which own immovable assets located in Louisiana. There was no effort made to establish Ryburn and the Arkansas corporations in which he owned stock were one and the same. Although Ryburn is the sole stockholder of one of these corporations, and is an 11% stockholder and a director of the other, such an ownership interest is not enough to give rise to in personam jurisdiction. Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1979).

(2) Ownership interest in the automobile dealership

The record contains no information as to whether and to what extent, Louisiana automobile dealers and residents were actively solicited to purchase automobiles from the dealership in Monticello, Arkansas. Even though automobiles were sold *677 to Louisiana residents over the years, this fact, in and of itself, does not establish Ryburn availed himself of the opportunity to do business in Louisiana so that he had clear notice that he would be subject to suit in this state. Cf., U.S. Fidelity v. Hi-Tower Concrete Pumping, 434 So.2d 506 (La.App. 2d Cir.1983). In any event, his connection with Ryburn Ford terminated in 1969 and this fact would negate a finding of any type of persistent or regular business contacts in this type of activity at the time of the April 24, 1984, meeting.

(3) The personal loan and loan guarantee for a Louisiana resident

The record reveals Ryburn had personally loaned a Louisiana resident $200,000.00 and guaranteed a separate $100,000.00 loan for this same individual at an Arkansas bank. The record does not reveal that any Louisiana bank was involved or that the loan was consumated in Louisiana. The record does establish that neither indebtedness has been repaid. Transacting business in this state means more than doing business with a person who happens to be a Louisiana resident. There is insufficient information as to the borrower’s relationship to Ryburn which would enhance the activity, and this personal loan and loan guarantee cannot be the basis of jurisdiction under LSA-R.S. 13:3201(4). Alba v. Pyramid Island Ltd., 474 So.2d 486 (La.App. 4th Cir.1985); Cf. Koeniger v. Lentz, 450 So.2d 680 (La.App. 4th Cir.1984), aff., 462 So.2d 228 (La.1984); Fryar v. Westside Habilitation Center, supra.
We conclude Ryburn’s prior contacts with Louisiana do not solely, or jn combination, amount to a persistent course of conduct or establish he had derived revenue such that he would be amenable to jurisdiction under LSA-R.S. 13:3201(4).
CONCLUSION
The judgment of the trial court sustaining the declinatory exception of in person-am jurisdiction is AFFIRMED. All costs are assessed against the third-party plaintiff, Sterlington Bank.

. § 4-302. Payor bank’s responsibility for late return of item
In the absence of a valid defense such as breach of a presentment warranty, settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of
(a) a demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depository bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or
(b) any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and accompanying documents.

. The cause of action asserted in this litigation occurred prior to the amendment to LSA-R.S. 13:3201(d) deleting the requirement of "substantial" revenue that must be derived from goods used or consumed or services rendered in this state. See Acts 1984, No. 398, § 1 (eff. Sept. 3, 1984). However, we have recently determined that this change is retroactive. McBead Drilling Company v. Kremco, Ltd., 490 So.2d 674 (La.App. 2d Cir.1986).