450 So.2d 680 (1984)
Erich A. KOENIGER
v.
Paul R. LENTZ et al.
No. C 2205.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
*681 William F. Wessel, Victoria L. Bartels, New Orleans, for relators.
Roger A. Stetter, Alan H. Goodman, Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, New Orleans, for respondents.
Before REDMANN, C.J., and AUGUSTINE and WILLIAMS, JJ.
REDMANN, Chief Judge.
Nonresidents of Louisiana apply for review of the overruling of their exception to the jurisdiction of Louisiana courts over a claim based on their continuing guaranties executed outside of Louisiana to secure a loan to be made in Louisiana. We grant review but we affirm.
Relators are two of three partners in commendam (limited partners) in a Louisiana partnership in commendam. A resolution signed by relators authorized the partnership to borrow $525,000 from a New Orleans bank (for the purpose of operating a nightclub in New Orleans). The loan was made, secured by continuing guaranties executed by each of relators, by a third partner in commendam (who also pledged stock to secure the loan), and by a general partner, in four separate documents each in the amount of $525,000. Thereafter unpaid interest of $21,319.36 was capitalized into another note to secure which other guaranties in that amount were executed.
After the partnership defaulted on the notes the bank transferred the notes to the third partner in commendam for $327,949.93 (net proceeds from his stock that had been pledged) plus his note for $291,583.42.
That partner is plaintiff in this proceeding against the other guarantor-partners, seeking to recover from each the entire amount or at least (see Aiavolasiti v. Versailles Gardens Land D. Co., 371 So.2d 755 (La.1979)) their virile shares of the obligation all had guaranteed.
Because they had executed their guaranties outside of Louisiana and, they argue, had had no significant physical presence in Louisiana, relators argue that Louisiana courts have no jurisdiction over their persons.
We disagree. Relators have transacted business in this state, even if they have never crossed its boundaries; and they are being sued on the very business which they transacted in this state. By executing the guaranties out of state and delivering them by whatever means to the bank in this state, relators procured the loan in this state (to their partnership) just as if they had been present in this state. They are being sued on those guaranties, that is, on that transaction of business in this state. La.R.S. 13:3201(a) asserts jurisdiction over their persons in the Louisiana courts:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
"(a) transacting any business in this state ...."
A suit for payment of a loan against borrower or guarantor, or a suit by a paying guarantor for contribution from another guarantor, is a cause of action arising from the loan and its guaranty. The loan and its guaranties in this case were both business transacted in Louisiana notwithstanding that the guaranties were physically signed outside of Louisiana.
Affirmed.