**1250**

Nicholas R. STALLWORTH

v.

The FIRST NATIONAL BANK OF MOBILE.

Civ. A. No. 84–210–B.

United States District Court, M.D. Louisiana.

Sept. 6, 1984.

---

John L. Dardenne, Jr., Kennon, White & Odom, Baton Rouge, La., for plaintiffs.

Tom F. Phillips, Louis M. Phillips, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter came before the Court on motion of the defendant, First National Bank of Mobile (hereinafter "the Bank"), to dismiss the plaintiffs' complaint for lack of personal jurisdiction.

This suit arises out of an alleged breach of fiduciary duty owed by the defendant to the plaintiffs. The plaintiffs allege that the Bank is the trustee of a trust under the will of M.C. Stallworth, Jr., the plaintiff's grandfather. Pursuant to the terms of that trust, the Bank was to pay certain sums to the plaintiffs' father, Nicholas B. Stallworth. The plaintiffs allege that one condition of the trust instrument was that payments to the income beneficiary, Nicholas B. Stallworth, were to terminate if any creditor of the income beneficiary should attempt to subject the beneficiary's interest in the trust to the payment of any obligation of the beneficiary. The plaintiffs contend that despite this provision, the Bank paid a tax levy against Nicholas B. Stallworth from the income of the trust and continued to pay the income produced by the trust's assets to Nicholas B. Stallworth. The plaintiffs seek recovery of all sums paid to their father in contravention of the trust instrument provisions.

In this diversity action, this Court may exercise jurisdiction to the extent permitted by the Louisiana Long Arm Statute, R.S. 13:3201, et seq. The plaintiffs have asserted that the following portions of R.S. 13:3201, are applicable:

A court may exercise personal jurisdiction over a nonresident who acts directly or by an agent, as to a cause of action arising from the nonresident's (a) transacting any business in this state; (b) contracting to supply services or things in this state; * * * (d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent courts of conduct, or derives substantial revenue

from goods used or consumed or services rendered, in this state; * * *

Although the Louisiana Long Arm Statute has been interpreted as going to the full limits of due process, *Austin v. North American Forest Products*, 656 F.2d 1076 (5th Cir.1981), due process requires that the nonresident defendant have certain minimum contacts with the forum so as not to offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In its memorandum in support of the motion to dismiss, the defendant contends that it does not do business, has not done business, and engages in no other activities in Louisiana other than payment of certain sums to the plaintiffs, Louisiana residents, as beneficiaries of the trust since their father's death on November 30, 1982. The Bank contends that this does not constitute sufficient "minimum contacts" necessary to subject the Bank to the jurisdiction of a Louisiana court.

The facts in this case are very similar to those in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *Hanson* involved a controversy concerning the right to $400,000, which was part of the corpus of a trust established in Delaware by a settlor who later became domiciled in Florida. The settlor had reserved the income of the trust to herself for life and received certain of these distributions while she was domiciled in Florida. Upon her death, certain legatees sought to challenge the validity of the trust instrument in a Florida court. The trustee, Wilmington Trust Co. of Delaware, argued that the Florida court lacked jurisdiction over its person. The Supreme Court found that the minimum contacts required of *International Shoe, supra*, had not been met. The Court noted that the defendant trust company had no office in Florida. The Court also found that none of the trust assets had ever been held or administered in Florida, and the record disclosed no solicitation of business in the state of Florida, either in person or by mail. *Hanson v. Denckla*, 357 U.S. at 251, 78 S.Ct. at 1238.

It is undisputed in this case that the defendant has no office in Louisiana and that none of the trust assets involved herein are located in or administered in Louisiana. Plaintiffs contend, however, that there are sufficient contacts, unrelated to the cause of action, between the forum and the Bank sufficient to subject the Bank to this Court's general jurisdiction. In order for such jurisdiction to exist, these contacts must constitute a "continuous and systematic" part of the Bank's business. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

The Bank does correspondent banking with two Louisiana banks, but a correspondent banking relationship alone has been held insufficient to confer personal jurisdiction over an out of state bank. *Oriental Imports & Exports v. Maduro & Curiel's Bank*, 701 F.2d 889 (11th Cir.1983). An unspecified number of loans have been made by the Bank to Louisiana residents, and the Bank has more than one hundred accounts standing in the names of Louisiana residents, but there has been no showing that the accounts were solicited in Louisiana or that they are of such substantiality to permit this Court to exercise general jurisdiction. In *Trans-Continental Investment Corp. v. Bank of the Commonwealth*, 500 F.Supp. 565 (C.D.Cal.1980), the court found that loans to borrowers in the forum state totalling $9.1 million and comprising approximately four percent of the bank's commercial loan portfolio were insufficient to confer general jurisdiction upon the court. The only other forum related activity of the Bank is that it is the trustee of trusts unrelated to this cause of action which involve property located in Louisiana, but there is no evidence in the record as to the extent of such property or of any acts of administration occurring in Louisiana which would support a finding of a "continuous and systematic" business relationship with the State of Louisiana.

Considering the foregoing, the Court finds that the totality of contacts between the defendant and the forum are insuffi-

cient to allow the exercise of in personam jurisdiction.

Therefore:

IT IS ORDERED that the defendant First National Bank of Mobile's motion to dismiss be, and is hereby GRANTED.

The parties shall have ten days to advise the Court whether they wish to have this case transferred to the appropriate federal jurisdiction pursuant to *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir.1978); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981).