George KOSTUCH, Jr., et al.

v.

SOUTHTRUST BANK OF
ALABAMA, N.A.

Civ. A. No. 87–198–B.

United States District Court,
M.D. Louisiana.

July 7, 1987.

Phillip W. Preis, Preis & Crawford, Baton Rouge, La., for plaintiffs.

Frank M. Coates, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the court on motion of the defendant, Southtrust Bank of Alabama ("Southtrust") to dismiss the action under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of jurisdiction over the defendant. For reasons set forth below, this motion must be granted and the case dismissed without prejudice.

The plaintiff has filed this suit against the defendant alleging that the defendant mismanaged the funds of the Associated Association Health Benefit Group Trust ("AAH Trust") while the defendant was trustee for that trust. The AAH Trust was formed by several trade associations in order that their members could participate in a self-insured employee welfare plan. The administrator of the plans involved was Association Management Services, Inc. ("AMS").

The plaintiff was in the business of selling group health insurance plans. He alleges that he sold the plans of the AAH Trust and derived substantial income from such endeavors. The plaintiff argues that the defendant had a duty to properly manage the funds of the AAH Trust and because of its failure to do so, plaintiff has allegedly sustained damage to his business. Therefore, the plaintiff contends that he is entitled to recover from Southtrust because of the defendant's negligent management of the AAH Trust funds and tortious interference with contractual relations.

The AAH Trust was established on August 1, 1979 and restated on May 1, 1981. The Restated Declaration of Trust was adopted in order to give the trustee the authority to purchase an insurance contract to insure the payment of benefits provided by the plans established pursuant to the AAH Trust, and to permit other associations to adopt and become parties to the Declaration of Trust.[1] The original trustee, George Jones resigned in July of 1983 and Southtrust was named as successor trustee.

Members of the associations that were parties to the Declaration of Trust could apply to the administrator to establish a plan and to be named an employer under the declaration. The employer did this by submitting an adoption agreement to the administrator. Once this agreement was accepted by the administrator, all contributions to the plan were sent to the trustee who was given the authority to commingle the funds of the several employer plans recognized by the AAH Trust. The trustee was given the authority to invest those funds for the trust.

The administrator was given the power under Section 6.4 to control and manage the operation of each plan and the trust. This power included, but was not limited to, the authority to construe the trust document and any adoption agreement, to make rules and regulations concerning the administration of the AAH Trust and to determine all questions arising under a plan. The administrator was also responsible for accepting adoption agreements and could require additional data from the employers in order to determine if contributions of the employers were at the correct rate. The administrator established the funding policy of the trust and directed the trustee to disburse funds under the trust.

The duties of the trustee are set forth in Section 7.2 of the trust document. The trustee is authorized to invest all monies of the trust, to hold cash in hand to operate the plans and the trust, to employ real estate brokers and other similar parties, and to open accounts in other national banks for the benefit of the AAH Trust. The trustee was also given the authority to commingle the contributions of the employers and purchase insurance for the trust. The trustee was to keep records of the contributions and other transactions involving trust funds and to make disbursements as directed by the administrator.

The defendant has filed its motion to dismiss asserting that this court lacks *in personam* jurisdiction since it has no minimum contacts with the forum as required by the due process clause of the United States Constitution. In support of its motion, the defendant submitted affidavits to the court. The affidavit of Fred C. Crum, Jr., the Executive Vice President of Southtrust makes it clear that Southtrust has no office and no employees in Louisiana. The position of the bank is that it is entirely an Alabama business with no contacts to Louisiana that would subject it to suit here. The only contact with Louisiana the bank admits is that it does receive funds from this state and make disbursements to individuals and institutions in this state when directed to do so by the administrator. However, it denies that these contacts are a "purposeful availment" of the benefits of the forum which would satisfy the due process clause.

The plaintiff on the other hand argues that the defendant is in fact doing business in this state and does maintain a persistent course of conduct in this state. The plaintiff argues that since the bank collected the

1. There were other purposes of the trust which are not relevant here.

premiums from Louisiana and made disbursements to Louisiana residents, the trustee was providing services within the state which would allow this court to exercise jurisdiction over it. The plaintiff also argues that the trustee should not be allowed to hide behind the trust in order to avoid jurisdiction. The plaintiff asserts that when an agent is negligent in the exercise of its duties to the principal, the courts will not allow him to stand behind the corporate shield to evade jurisdiction. Lastly, the plaintiff argues that the assertion of *in personam* jurisdiction does not offend traditional notions of fair play and substantial justice under the facts of this case.

■ This court has recently examined the applicable law which must be applied in determining whether there is *in personam* jurisdiction. See, *Haley v. Wright Manufacturing Co.*, 651 F.Supp. 116 (M.D.La. 1986) and authorities cited therein.[2] It is now clear that the constitutional touchstone in this area is whether the defendant purposefully established minimum contacts in the forum state. *Asahi Metal Industry Co. v. Superior Court of California, Solano County,* —— U.S. ——, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Foreseeability of causing injury in the forum state is not sufficient. Rather, "the foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) as quoted in *Burger King, supra,* 471 U.S. at 474, 105 S.Ct. at 2183. Because this court fails to find that Southtrust "purposefully directed" its activities to this state, this court does not have personal jurisdiction over it.

It is stipulated by the parties and evidenced by an affidavit from a bank officer that Southtrust has no office or employees in Louisiana. Southtrust admits that it receives payments from Louisiana for the trust and that it makes disbursements to Louisiana residents when directed to do so by the administrator. The question before the court is whether this amounts to a purposeful availment of the benefits of this state.

It appears from the Declaration of Trust that the administrator controlled the day to day administration of the plans and the trust and determined who would participate in these benefits. The trustee simply received the funds from those employers that the administrator had accepted as participants in the trust. It does not appear from the record that Southtrust encouraged the administrator to expand its efforts into Louisiana.

■ The plaintiff argues that since Southtrust derived substantial economic benefit from contributions sent from Louisiana that it could have foreseen causing injury in Louisiana. However, plaintiff has failed to show how Southtrust actively solicited those funds. Simply the foreseeability of causing injury in another state is not sufficient to establish minimum contacts. There must be a purposeful directing of activities to the forum state. *Burger King, supra.* The plaintiff has not presented any evidence that Southtrust advertised in Louisiana nor that it solicited business in Louisiana.[3] Rather it is clear that the trust documents were executed in Alabama and all activities were conducted in Alabama. The administrator had contacts outside of Alabama as did the trust, but this does not mean that the trustee also has those contacts. The contact each defendant has with the forum must be examined individually. *Calder v. Jones,* 465

---

2. The Court was also faced with a similar factual situation in *Stallworth v. First National Bank of Mobile,* 592 F.Supp. 1250 (M.D.La.1984). Defendant has cited this case in brief and relies on its findings.

3. The plaintiff bears the burden of proof when *in personam* jurisdiction is challenged. *Caldwell v. Palmetto State Savings Bank of South Carolina,* 811 F.2d 916, 917 (5th Cir 1987); *Southern Investors, II v. Commuter Aircraft Corp.,* 520 F.Supp. 212, 216 (M.D.La.1981).

U.S. 783, 790, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984).

■ The plaintiff also argues that the defendant should not be allowed to hide behind the corporate shield of the trust to defeat the jurisdiction of this court. Plaintiff argues that since the trust was "doing business" in Louisiana and the trustee was its agent, then the trustee may also be sued in Louisiana. The plaintiff cites the case of *Fryar v. Westside Habilitation Center,* 479 So.2d 883 (La.1985) in support of that argument. In that case, the Louisiana Supreme Court held that a vice president of a corporation who negotiated a contract for the corporation and was responsible for the corporation's fulfilling its obligation under that contract cannot escape being sued in Louisiana simply because he was acting as an employee of the corporation. The court in *Fryar* relied in part on the case of *Calder v. Jones, supra.* In both cases, the tortious activity was "purposefully directed" to the forum state, a purposefulness not present in this case. The court in *Calder* stated that the defendants in that case were not charged with "mere untargeted negligence." Therefore, both *Fryar* and *Calder* can be distinguished from the case before the court. This case more closely resembles the "hypothetical welder" issue that the *Calder* court did not address.

The court must also note and emphasize that this suit was not brought by a member of the trust against the defendant. The plaintiff is not part of the trust, nor does the trust apply to the plaintiff. Thus, the activities of the defendant involving the trust did not directly apply to the plaintiff nor to the claim asserted by the plaintiff.

Since the court finds that Southtrust has not purposefully directed its activity to this state, it does not have the minimum contacts required by the due process clause and therefore cannot be sued in this court. It is therefore necessary to dismiss this action for lack of *in personam* jurisdiction.[4]

Therefore:

IT IS ORDERED that the motion of Southtrust Bank of Alabama to dismiss be and it is hereby GRANTED. Plaintiff's suit shall be dismissed without prejudice.

Judgment shall be entered accordingly.

---

**4.** The Court was prepared to transfer this case to the appropriate district in Alabama under 28 U.S.C. § 1631. However, counsel for the plaintiff has advised the Court that plaintiff does not desire such a transfer. Therefore, dismissal is the appropriate remedy.