Angela KANADA

v.

HARTFORD LIFE INSURANCE COMPANY, Southern Electric Supply Co., Inc., and Southern Electric Supply Co., Inc. Employee Medical Expense Reimbursement Plan.

Civ. A. No. 87–512–B.

United States District Court, M.D. Louisiana.

Oct. 6, 1987.

David Ziober, Shockey & Ziober, Baton Rouge, La., for plaintiff.

Francis R. White, III, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, La., for defendants.

POLOZOLA, District Judge.

Plaintiff originally filed this suit in the Twenty First Judicial District Court for the Parish of Livingston, State of Louisiana seeking recovery of benefits under a hospitalization plan provided by Southern Electric Supply Co., Inc. ("Southern Electric"), plaintiff's employer. The insurance was provided pursuant to a self-insurance plan which was established in the form of a trust entitled Southern Electric Supply Co., Inc. Medical Plan ("Plan").

The defendants removed the action to this court asserting federal question jurisdiction under 28 U.S.C. § 1331. The defendants contend that this action is a claim brought by a participant or beneficiary of a plan under the Employee Retirement In-

**164**

come Security Program ("ERISA") alleging the right to recover benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

This matter is now before the court on the motion of the plaintiff to remand and on the motion of the defendants, Southern Electric and the Plan, to dismiss for improper venue. No oral argument is required on these motions.

■ Plaintiff contends that this suit should be remanded because she has not alleged a claim under ERISA, but has asserted a breach of contract claim under Louisiana law. Section 1144(a) of Title 29 provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .

Therefore, the court finds that ERISA has pre-empted plaintiff's state law breach of contract claim. Thus, plaintiff has alleged a cause of action which necessarily "arises under" federal law. *Metropolitan Life Ins. Co. v. Taylor*, —— U.S. ——, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). For these reasons, plaintiff's motion to remand is denied.

The defendants have also filed a motion to dismiss on the ground that this is a court of improper venue pursuant to 29 U.S.C. § 1132(e)(2). Section § 1132(e)(2) provides in part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found . . .

In *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir.1979) the court held that venue is proper in a section 1132(e)(2) case where "a plan is administered, or (2) a breach took place, or (3) a defendant resides, or (4) a defendant may

be found." 607 F.2d at 248. The *Varsic* court then concluded:

> We find it significant that the term "found," employed by Congress in section 1132(e)(2), has been construed liberally when used in other venue provisions.
>
> *   *   *   *   *   *
>
> In view of the legislative history of the ERISA venue provision, as well as Congress' very choice of the word, we conclude that Congress intended that "found," as used in section 1132(e)(2), has the same broad application as it does in cases involving the antitrust and copyright venue provisions. Therefore, if personal jurisdiction is properly asserted over the Fund, it is "found" there.

The Fifth Circuit Court of Appeals has not addressed this issue but noted the *Varsic* decision in *Woodfork v. Marine Cooks & Stewards Union*, 642 F.2d 966, 975 n. 9 (1981). The First Circuit Court of Appeals followed *Varsic* in *I.A.M. Nat. Pension Fund v. Wakefield Industries, Inc.*, 699 F.2d 1254, 1257 (1st Cir.1983).

■ After examining the record in this case the court finds that the defendants are "found" in the Middle District of Louisiana within the meaning of 29 U.S.C. § 1132(e)(2). Defendants' contacts in the Middle District are sufficient to satisfy the "minimum contacts" test for personal jurisdiction. Therefore, defendants' motion to dismiss is denied.

Therefore:

IT IS ORDERED that the motion of the plaintiff to remand be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of Southern Electric Supply Co., Inc. and Southern Electric Supply Co., Inc. Employee Medical Expense Reimbursement Plan to dismiss be and it is hereby DENIED.