**PREMIER BANK, NATIONAL ASSOCIATION**

v.

**J.B. WARD.**

**Civ. A. No. 89–281–B.**

United States District Court, M.D. Louisiana.

Feb. 8, 1990.

E.M. Quijano, Adams & Reese, Baton Rouge, La., for Premier Bank/Nat. Ass'n.

Mary E. Heck Barrios, Trial Atty., Baton Rouge, La., for J.B. Ward.

## RULING ON DEFENDANT'S MOTIONS TO DISMISS AND TO TRANSFER

POLOZOLA, District Judge.

Premier Bank, National Association has sued J.B. Ward to recover the balance due on a promissory note. Louisiana National Bank (LNB) loaned certain proceeds to Louisiana Urethane Company (LUC) which executed a promissory note. J.B. Ward was an endorser on this note. Thus, Ward is sued in his capacity as an endorser.

Ward has filed a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure. He contends the Court does not have personal jurisdiction over him. In the alternative, Ward seeks to have the case transferred to Alabama. The Court finds the motions should be denied.

The evidence reveals that Ward personally endorsed the note at an LNB branch office in Baton Rouge in 1983. Subsequently, three other notes were given to LNB by LUC. These notes were mailed to Ward's residence in Alabama where he signed as endorser and returned them to the bank. LUC then defaulted on the notes. Because of his liability as endorser, Ward gave LNB a $50,000 note as maker. This note was executed on September 26, 1984 by Ward in Alabama and mailed back to LNB. Ward then renewed this debt ten times during 1985 to 1988. Each time notes were mailed to him in Alabama, executed, and then mailed back to LNB in Baton Rouge, Louisiana. Numerous telephone calls between Ward and LNB loan officers took place during this time.

Ward defaulted on the last renewal note which had been executed on January 4, 1988, in the amount of $42,000. Premier Bank, successor in interest to LNB, then filed suit on the note. Ward claims that this Court has no jurisdiction over the person, and in the alternative, seeks to have the case transferred to Alabama pursuant to 28 U.S.C. § 1404.

■ Under the Louisiana Long Arm statute, this Court "may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La.R.S. 13:3201(B). Thus, the issue is whether the assertion of jurisdiction over Ward under the facts of this case comports with due process. The Court must apply a two step analysis to resolve this issue: (1) there must be some minimum contact with the state; and, (2) it must be fair and reasonable to require the defendant to come into the state to defend the action. See *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212 (M.D.La.1981).

■ On the issue of minimum contacts, the United States Supreme Court has considered a similar type of transaction in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In *Burger King*, a franchiser brought an action against the franchisee to enforce the franchise contract and for trademark infringement. The only contacts of the defendant with Florida involved the franchise agreement. The defendant had not entered Florida physically. The Court reasoned that the defendant's contract alone was not sufficient to establish minimum contacts. However, the prior negotiations, contemplated future consequences, the terms of the contract, and the parties' actual course of dealing must be considered to determine

**48**

whether the defendant purposefully established minimum contacts with the forum. The defendant in *Burger King* had established minimum contacts through a substantial and continuing relationship with the franchiser's headquarters in Miami. Also, the contract applied Florida law and provided that all payments were deemed to be made in Florida. Another important factor in *Burger King* was the experience and sophistication of the defendant as a businessman who was not under any economic duress or unfair advantage.

Applying the above principles, the Court finds that it has personal jurisdiction over Ward under the facts of this case. The original note was executed in Baton Rouge by a Louisiana company. Ward came to Baton Rouge to endorse the note. When LUC failed to pay on its note, Ward engaged in a continuing business relationship with the bank in Louisiana to comply with Ward's obligation on the original note. This continuing business relationship existed for over three years. The fact that Ward and the bank chose to allow the renewal notes to be signed by mail is immaterial. A portion of the note, $8,000, plus interest was paid by Ward and mailed to Baton Rouge. Numerous telephone calls took place between Ward and the bank during this period. It is safe to conclude that but for Ward's endorsement, the bank would not have loaned the money to LUC. But for the continued business relationship which had developed between Ward and the bank, the bank would not have agreed to renew Ward's note ten different times during the three year period. Considering these facts and the state's interest in providing a forum for its citizen (the bank) to enforce its rights under a contract made in Louisiana, the Court concludes that it has personal jurisdiction over Ward in this case. *Koeniger v. Lentz*, 450 So.2d 680 (La.App. 4th Cir.1984); *American Bank & Trust Co. v. Sunbelt Environmental Systems, Inc.*, 451 So.2d 1111 (La.App. 1st Cir.1984); *Quasha v. Shale Development Corp.*, 667 F.2d 483 (5th Cir.1982). In short, the Court finds that exercising jurisdiction over Ward is consistent with the constitution and laws of the State of Louisiana and the Constitution of the United States. *Burger King, supra.*

 The Court also finds that defendant's motion to transfer this case to Alabama should be denied. Most of the witnesses to the transactions as well as the documents involved are located in Louisiana. The Court must also apply Louisiana law. Considering these factors, the Court finds that the most convenient forum to try this suit is the Middle District of Louisiana.

Therefore; defendant's motions to dismiss and to transfer are DENIED.