**HIBERNIA NATIONAL BANK**

v.

**John William CARNER.**

**Civ. A. No. 90-263-B.**

United States District Court, M.D. Louisiana.

Feb. 28, 1991.

Paul M. Hebert, Jr. and Stephen F. Chiccarelli, Breazeale, Sachse & Wilson, Baton Rouge, La., for Hibernia Nat. Bank.

Lisa F. Keegan and Stewart F. Peck, New Orleans, La., for John William Carner.

## RULING ON THE MOTION TO DISMISS

POLOZOLA, District Judge.

Hibernia National Bank (Hibernia) filed this suit against John William Carner to recover his portion of a balance due on a note following a liquidation sale. Carner has filed a motion to dismiss Hibernia's complaint against him essentially for lack of personal jurisdiction, under Rule 12(b)(2) of the Federal Rules of Civil Procedure (Rule), and due to insufficient service of process, under Rule 12(b)(5). The Court has subject matter jurisdiction to hear this action pursuant to 28 U.S.C. § 1331 and venue is proper under 28 U.S.C. § 1391.[1]

In September of 1985, Carner, a citizen of California, along with five Louisiana citizens and one Louisiana corporation, formed the Jefferson Hills Partnership (JHP), a Louisiana partnership. Carner's partnership interest was five percent (5%). The partnership was registered with the Louisiana Secretary of State on October 15, 1985. The "Articles of Partnership" provide that its purpose was to "acquire, own, sell, develop, lease and manage real property" within and without Louisiana and "to fi-

nance by mortgage or otherwise" any real property transactions.

The Articles also provided that the initial real estate purchase was the Jefferson Hills Apartment complex, located in Baton Rouge, Louisiana. This purchase was consummated on September 30, 1986. As part of the purchase arrangement, JHP assumed the existing notes and mortgage on the property which were then held by Fidelity National Bank and now held by Hibernia. However, on March 7, 1987, JHP defaulted on the notes and filed for protection under Chapter 11 of the Bankruptcy Code. On April 19, 1989, a sale was conducted by the United States Marshal, liquidating the assets of the partnership. Hibernia then filed this action against Carner to recover his share of the outstanding deficiency balance remaining after the liquidation sale, in accordance with Louisiana partnership law.

### I. Personal Jurisdiction Under Rule 12(b)(2)

Carner argues that the Court does not have personal jurisdiction over him in this matter. In support of his argument, Carner sets forth the following facts. He is a citizen of California and has never resided in Louisiana. Carner states he does not own real property in Louisiana and has never transacted business in the state.

As to his partnership interest in JHP, Carner contends that he executed his interest in California; has never attended a partnership meeting; had no management position or duties; and never received any funds from the partnership. Further, Carner argues that under Louisiana partnership law JHP is a separate legal entity, which solely owns Louisiana property (the Jefferson Hills Apartment complex) and was responsible for the assumed mortgage held by a Louisiana bank.[2] Basically, the defendant contends that he is shielded from any interest in the real property and obligation on the note by the partnership.

---

1. The defendant's motion to dismiss also alleged improper venue, Rule 12(b)(3), and failure to join an indispensable party, Rule 12(b)(7). The Court finds that both of these contentions lack merit and therefore are denied.

2. See La.Civ.Code articles 2801–2835.

■ Before the Court may assert personal jurisdiction over a nonresident defendant, it must first consider whether the state's long arm statute confers jurisdiction, and if so, whether the assertion of jurisdiction is within constitutional due process limitations.[3] The Louisiana Long Arm statute provides that this Court "may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of the United States."[4] Therefore, the only issue the Court must determine is whether the assertion of personal jurisdiction comports with constitutional due process.[5] To resolve this issue, the Court must use a two-step analysis: "(1) there must be some minimum contacts with the state; and, (2) it must be fair and reasonable to require the defendant to come into the state to defend the action."[6]

To satisfy the constitutional due process requirement, the Court must examine whether the nonresident "defendant purposefully established 'minimum contacts' in the forum state."[7] In *Burger King Corp. v. Rudzewicz*, the Supreme Court considered whether personal jurisdiction was proper in a contract dispute where the nonresident defendant had never physically entered the forum state.[8] When examining whether sufficient minimum contacts are present, the Court noted that the "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."[9] The Court explained:

Jurisdiction is proper ... where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum state. Thus where the defendant "deliberately" has engaged in significant activities within State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State.[10]

■ As in *Burger King*, this case involves a contract dispute, rather than an action in tort. As such, the mere absence of the defendant from physical presence in Louisiana, the forum state, does not prevent this Court from exerting personal jurisdiction over him. Carner entered into a partnership which purchased real property in Louisiana and assumed a mortgage. The partnership was organized under the laws of Louisiana and registered with the State. Regardless of where the plaintiff may have executed his interest and how many times he was present on the property, Carner availed himself of the partnership and real property laws of Louisiana.[11]

The Court notes that the defendant's reliance on the Louisiana partnership laws to shield him from attribution of any of the activities of the partnership is misplaced.

3. *Terry v. Raymond Int'l, Inc.*, 658 F.2d 398, 401 (5th Cir.1981), *cert. denied*, 456 U.S. 928, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982).

4. La.R.S. 13:3201(B) (West Supp.1990).

5. *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La.1987).

6. *Premier Bank v. Ward*, 732 F.Supp. 46, 47 (M.D.La.1990). *See also Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir.1985); *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212, 215 (M.D.La.1981).

7. *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 108–09, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987). *See also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed 95 (1945).

8. 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

9. *Id.* at 474, 105 S.Ct. at 2183.

10. *Id.* at 475–76, 105 S.Ct. at 2183–84 (emphasis in original; citations omitted). *See also Asahi*, 480 U.S. at 112, 107 S.Ct. at 1032; *Kostuch v. Southtrust Bank of Ala., N.A.*, 665 F.Supp. 474, 476 (M.D.La.1987), *aff'd*, 842 F.2d 328 (5th Cir. 1988).

11. *See Schwegmann Bank & Trust Co. v. Simmons*, 880 F.2d 838 (5th Cir.1989).

Although a Louisiana partnership is a separate legal entity from its partners, it does not act like a corporation when it comes to a partner's liability. Article 2817 of the Louisiana Civil Code provides that each partner owes to a creditor of the partnership his virile share of the debt. Therefore, when Carner became a general partner, he agreed to be ultimately responsible for partnership debts. This responsibility extends to creditors in Louisiana. A creditor relies on the obligation of the partners when it makes a contract with a partnership.

Although the partnership has been dissolved, the Court would have had jurisdiction over the partnership. When "personal jurisdiction exists over the partnership, personal jurisdiction exists over the partners." [12] Whenever a nonresident purposefully establishes a substantial relationship with the forum state, personal jurisdiction exists. Carner "should have been on fair notice that by entering into a Louisiana partnership litigation could foreseeably arise out of such an activity—and when it did, in fact, arise, [he] had contacts with Louisiana residents concerning this litigation." [13] The fact that the partnership no longer exists does not change any contacts Carner created with the state through his involvement with JHP. Therefore, the Court finds the defendant has created sufficient minimum contacts with the forum state.

The Court must next look to the fairness of requiring a nonresident defendant to litigate in Louisiana. In *Asahi Metal Industries v. Superior Court of California,* the Supreme Court noted that when determining the reasonableness of jurisdiction, the Court must weigh (1) the burden on the defendant, (2) the forum state's interests, (3) the plaintiff's interest in obtaining relief, and (4) the interstate judicial system's interest. [14] Considering these factors with the evidence now before the Court, the Court finds it is not violative of traditional notions of fair play and substantial justice to require Carner to defend himself in Louisiana.

*Schwegmann Bank & Trust v. Simmons* [15] supports the Court's finding. In that case a nonresident (Texas) limited partner executed a personal promissory note under Louisiana law to be used as collateral for a partnership loan from a Louisiana bank. The nonresident's note was later negotiated to another Louisiana bank. The partnership subsequently defaulted on its obligation and the Louisiana bank sued the nonresident on its note. The nonresident defendant claimed lack of personal jurisdiction in Louisiana. The Fifth Circuit held that the nonresident "purposefully availed himself of the benefits of transacting business in Louisiana and that it would be neither unfair nor unreasonable to require him to litigate in Louisiana." [16] The court held personal jurisdiction was properly exercised by the federal district court sitting in Louisiana.

In the case before this Court, Carner purposefully availed himself of the protection of Louisiana law and the benefits of transacting business through a partnership in Louisiana. He was aware that the partnership would be purchasing real property in the forum state and financing those purchases. Further, Carner is a person of considerable means in addition to being a sophisticated businessman. This is not his first business venture of this type. Also, Carner personally endorsed another loan to JHP in connection with Jefferson Hills apartment complex. [17] It is not unreason-

---

**12.** *Custom Fuel Serv., Inc. v. Brinkerhoff Oil Trading Co.,* CA No. 87–5686, 1989 WL 104099, at 2 (E.D.La. Sept. 5, 1989).

**13.** *Riess v. Abshire,* 570 So.2d 195 (La.App. 5th Cir.1990).

**14.** 480 U.S. 102, 115, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

**15.** 880 F.2d 838 (5th Cir.1990).

**16.** *Id.* at 840.

**17.** The Court notes that the defendant is a surety, and bound personally, on the separate note of another Louisiana bank for construction work performed on the Jefferson Hills apartment complex. In *Koeniger v. Lentz,* 450 So.2d 680 (La.App. 4th Cir.1984), the court held that it had personal jurisdiction over a limited partner who guaranteed or acted as surety for a partnership debt. If there is personal jurisdiction over

able to find that Carner was aware of the legal ramifications and responsibilities of being a partner in a Louisiana partnership. Consequently, in light of the facts presented to this Court, it is not unreasonable, unfair, or unjust to subject the defendant to defend this litigation in Louisiana. The Court finds that the defendant has created sufficient minimum contacts with the forum state for the Court to exercise specific personal jurisdiction over Carner. Therefore, defendant's motion to dismiss for lack of personal jurisdiction is denied.

## II. Service of Process Under Rule 12(b)(5)

The defendant also moves to dismiss this action for insufficient service of process under Rule 12(b)(5). Hibernia contends service has been properly confected upon the defendant both personally, on November 7, 1990, in Los Angeles, California, and though a mailing of the summons and complaint to Carner's personal residence. The Court finds the defendant was properly served by personal service within the 120 day requirement of Rule 4 of the Federal Rules of Civil Procedure.

■ Assuming *arguendo* the personal service was not made within 120 days, as required by Rule 4, the Court notes that service would still be valid and proper under the "good cause" extension of Rule 4(j). It is clear from the record that the defendant was attempting to avoid service. Hibernia made over twenty-five (25) attempts to give Carner notice of this action, by using both the mail and process servers. During one such attempt, the process server noted that the defendant was home but refused to answer the door. The defendant also stated in his deposition that he traveled extensively, so much so that he was only at his residence an average of three (3) days per month.

Under Rule 4(j), a court may extend the 120 days requirement upon a showing of "good cause why such service was not made within that period." [18] The legislative history to Rule 4(j) cites the intentional evasion of service by a defendant as an example of a "good cause" extension.[19] Further, the Court finds the plaintiff proved it had taken more than sufficient steps in an attempt to serve the defendant prior to November 26, 1990. The "good cause" extension is warranted under the facts of this case regardless of the defendant's motives concerning service. Therefore, defendant's motion to dismiss under rule 12(b)(5) is denied.

## III. Conclusion

The Court finds that the exercise of personal jurisdiction over the defendant is proper under the Louisiana Long Arm Statute and is within the due process requirements of the Constitution. The defendant had sufficient minimum contact with the forum state, Louisiana, and it is not unfair or unjust to require him to defend this action in Louisiana, considering all of the parties' interests. Further, the Court finds that service of process was properly and timely made on the defendant.

Therefore:

IT IS ORDERED that John William Carner's motions to dismiss the complaint of Hibernia National Bank be and each is hereby DENIED.

---

a limited partner, *a fortiori* there is personal jurisdiction over a general partner acting as a surety. ·

**18.** *See Lovelace v. Acme Markets, Inc.,* 820 F.2d 81 (3d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Ruiz Varela v. Sanchez Velez,* 814 F.2d 821 (1st Cir.1987); *Smith v.*

*Sentry Ins.,* 674 F.Supp. 1459 (N.D.Ga.1987); *Ditkof v. Owens–Illinois, Inc.,* 114 F.R.D. 104 (E.D.Mich.1987); *Arroyo v. Wheat,* 102 F.R.D. 516 (D.Nev.1984).

**19.** 1982 U.S.Code Cong. & Admin.News 4434, 4445–46 n. 25.