**Rebecca R. NIEVES, et al.,**

v.

**HOUSTON INDUSTRIES, INC., et al.**

**Civ. A. No. 90–1186–B.**

United States District Court,
M.D. Louisiana.

Aug. 27, 1991.

Patricia A. Garcia and Susan M. Chehardy, New Orleans, La., for plaintiffs.

William D'Armond and Cynthia Chemay, Kean Miller Hawthorne D'Armond McCowan & Jarman, Baton Rouge, La., for defendant, Houston Industries, Inc.

Chapman Smith and Michael Brern, Baker & Botts, Houston, Tex., for defendant,

Houston Industries, Inc. Employee Medical Plan.

## RULING ON DEFENDANTS' MOTION TO DISMISS

POLOZOLA, District Judge.

Houston Industries, Inc. (HII) and Houston Industries, Inc. Employee Medical Plan (the Plan) have filed a motion to dismiss for lack of personal jurisdiction and/or improper venue. For the reasons set forth below, the motion to dismiss is denied.

This dispute arises out of the plaintiffs' demand upon HII and the Plan for payment of medical expenses incurred by Anthony J. Nieves, the husband and father of the plaintiffs, caused by an automobile accident from which Anthony J. Nieves ultimately died. The defendants contend that: (1) the medical expenses incurred were not covered under the terms of the plan; and, (2) because HII and the Plan are non-resident defendants, this Court lacks personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Federal Procedure.[1]

■ For a court to have personal jurisdiction over a non-resident defendant, the Court must first determine whether the defendant is subject to service under the state's long arm statute, and, if so, whether the assertion of personal jurisdiction over the defendant comports with constitutional due process.[2] The Louisiana Long Arm Statute allows a court to exercise personal jurisdiction over a non-resident defendant to the extent permissible under the federal constitution.[3] Therefore, a court sitting in Louisiana need only review whether the assertion of personal jurisdiction was within the limits of federal constitutional due process.[4]

■ The due process inquiry involves a two-step analysis. First, the non-resident defendant must purposefully establish "minimum contacts" in the forum state.[5] When minimum contacts are found to exist based on the non-resident's purposeful contacts with the forum court, the Court has "specific" jurisdiction over the defendant.[6]

In this case, Rebecca Nieves was employed in Texas by Houston Power and Light Company (HP & L), a subsidiary of HII. Her medical expenses and those of her family were covered by the Plan. Although the family moved to Louisiana while she was on a leave of absence from HP & L for reasons unrelated to her employment, HP & L allowed her to maintain health insurance coverage under the Plan as long as she paid the premiums. The premium payments were made with checks drawn on Louisiana banks. These checks had her residential address in Baton Rouge, Louisiana stamped on the face of the checks. While in Baton Rouge, the plaintiffs made claims for medical services provided in Louisiana which were unrelated to this dispute. These claims were paid by the Plan to her and to Louisiana doctors. In addition, the evidence reveals that several of the HP & L supervisory personnel knew of the plaintiffs' relocation to Louisiana.

Under the facts of this case, the defendants could reasonably have anticipated that any medical claims which may be denied by the Plan may have required the defendant to defend its position in the state of Louisiana. Therefore, the Court finds the defendants have made purposeful contacts with the forum sufficient to establish minimum contacts thereby satisfying the first step of the due process analysis.

1. It is clear this Court has federal question subject matter jurisdiction since the insurance plan is subject to the provisions of the Employee Retirement Income Security Act (ERISA).

2. *Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 786 (5th Cir.1990) *aff'd* CA No. 88–1012–B (M.D.La. June 8, 1989); *Hibernia National Bank v. Carner,* 758 F.Supp. 382 (M.D.La.1991).

3. La.R.S. 13:3201(B) (West Supp.1991).

4. *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359 (5th Cir.1990); *Carner,* 758 F.Supp. at 384.

5. *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 108–09, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987); *Asarco,* 912 F.2d at 786; *Kostuch v. Southtrust Bank of Alabama, N.A.,* 665 F.Supp. 474, 476 (M.D.La.1987), *aff'd,* 842 F.2d 328 (5th Cir.1988).

6. *Asarco,* 912 F.2d at 786.

Having found sufficient minimum contact with the forum, the Court must now determine whether it is fair and reasonable to require the non-resident defendants to litigate this matter in Louisiana. In reaching its decision on this issue, the Court is required to balance the burden on the defendants', the forum state's interest in the litigation, the plaintiffs' interest in obtaining relief, and the judicial system's interest.[7]

In this case Anthony J. Nieves' accident and his resulting death occurred in the state of Louisiana. All of the witnesses to the circumstances surrounding the accident relevant to the denial of the medical claims, along with all the health care providers, are located in Louisiana. Forcing the plaintiffs to litigate this suit in another state could prove financially impossible for the plaintiffs, thus forestalling their ability to seek a judicial remedy. Further, the forum itself has an interest in the final disposition of debts concerning Louisiana residents and Louisiana health care personnel arising out of the unpaid medical claims. Balancing these and other factors provided in the record and briefs against the inconvenience to the defendants of defending this suit in Louisiana, the Court finds it is not unreasonable to defend this action in Louisiana. Therefore, the Court finds it has personal jurisdiction over the defendants, HII and the Plan.

█ The defendants also contend that regardless of whether the Court has personal jurisdiction, venue is improper. The Court finds this argument is without merit.

This suit concerns a violation of ERISA. The provisions of ERISA provide that venue is proper in the district "where the breach took place, or where the defendant resides or *may be found....*" 29 U.S.C. § 1132(e)(2) (emphasis added). For the purposes of ERISA, the term "found" has been defined to include a district where there exist personal jurisdiction over a defendant.[8] Based on the fact that this Court has personal jurisdiction over the non-resident defendants, the Court finds the defendants, HII and the Plan, are "found" in the Middle District of Louisiana, under § 1132(e)(2).[9] Consequently, venue is proper in the Middle District of Louisiana.

Therefore:

IT IS ORDERED that the defendants' motion to dismiss for lack of personal jurisdiction and/or improper venue be and is hereby DENIED.

7. *Asahi,* 480 U.S. at 115, 107 S.Ct. at 1033; *Carner,* 758 F.Supp. at 385.

8. *Kanada v. Hartford Life Insurance Co.,* 673 F.Supp. 163 (M.D.La.1987); *Varsic v. United* States District Court for the Central District of California, 607 F.2d 245 (9th Cir.1979).

9. See *Kanada,* 673 F.Supp. at 164.