361 So.2d 1312 (1978)
Alva John GROTH, II
v.
INTERNATIONAL DISPENSING SYSTEMS, INC. and Federal Machine Corporation.
No. 12110.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
Rehearing Denied August 31, 1978.
*1313 Lynn L. Lightfoot, Houma, for plaintiff and appellant.
George Arceneaux, Jr., Houma, for defendant and appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is a redhibitory action filed by Alva John Groth, II, against two nonresident corporations. One of the defendants, Federal Machine Corporation (Federal), an Iowa corporation, filed a declinatory exception of lack of in personam jurisdiction, which was sustained by the trial court. A default judgment was granted against the codefendant, International Dispensing Systems (IDS), a Texas corporation, however, we find no written judgment in the record. Plaintiff is appealing the sustaining of the exception of lack of in personam jurisdiction.
The only evidence in the record is the deposition of Louis A. Herschbaumer, president of Federal, as well as various exhibits attached to the deposition. From this brief record we find the following facts. On May 14, 1975, IDS contracted with Federal for the manufacture of vending machines suitable for the dispensing of pantyhose. In June of 1975, plaintiff-appellant contracted with IDS to supply vending machines and pantyhose for distribution in the area of Houma, Louisiana. Federal manufactured the machines, agreed to replace or repair defective parts during a 30 day period following delivery to the ultimate consumer, and knew some machines were shipped from its plant to customers in Louisiana.
Federal has been in business since 1959. Its principal place of business is Iowa. It has neither offices, property, nor agents or employees in Louisiana, and it pays no taxes in this state. There are, however, three distributors in Louisiana who purchase machines from Federal for resale in Louisiana.
Plaintiff-appellant contends the trial judge erred in sustaining the exception.
Appellee argues that the question of whether the defendant has met the "minimum contacts" qualifications to subject it to the personal jurisdiction of Louisiana courts is a factual determination which can only be set aside if manifestly erroneous, citing Covington v. Southern Specialty Sales Company, 158 So.2d 79 (La.App. 1st Cir. 1963) and Canter v. Koehring Co., 283 So.2d 716 (La.1973).
We are well aware of the general rule that whether the defendant meets the qualifications of minimum contacts is a matter of factual determination to be resolved *1314 in light of the facts and circumstances of each individual case, Covington v. Southern Specialty Sales Co., supra, however, this does not make the issue of jurisdiction a factual question vis-a-vis a law question. The facts as found by the trial judge are binding on the appellate court in the absence of manifest error; however, the application of the facts to the established rules of law is a legal question, thus the manifest error rule has no application in this case.
Inasmuch as the only evidence in the record was the deposition of Louis A. Herschbaumer, there is no dispute as to the facts, and it only remains for this court to determine whether under the facts presented the defendant-Federal had sufficient minimum contacts with Louisiana to subject it personally to the jurisdiction of the courts of this state.
The intent of the drafters of the Louisiana Long Arm Statute as expressed in Comment (a) to LSA-R.S. 13:3201 is to allow "the courts of this state to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)."
LSA-R.S. 13:3201 in part provides:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's

* * * * * *
"(b) contracting to supply services or things in this state; * * *."
In a redhibitory suit the plaintiff has a right of action against the manufacturer even though he is not a party to the contract wherein the goods were supplied to the vendor. Media Production Consultants, Inc. v. Mercedes-Bentz of North America, Inc., 262 La. 80, 262 So.2d 377 (1972).
Generally the Louisiana cases[1] discussing minimum contacts qualifications have been those alleging an offense or quasi offense under LSA-R.S. 13:3201(d). We see no distinction between the minimum contacts required in those cases vis-a-vis the minimum contacts required in a case alleging a redhibitory defect under LSA-R.S. 13:3201(b).
In the instant case Federal sold its products to three distributors in Louisiana, and in fiscal years 1976 and 1977 grossed $41,127.00 from sales in this state. It is questionable whether it was Federal or IDS who shipped these machines to the ultimate consumer in Louisiana, however, we find that the machines were shipped to plaintiff from Iowa, and Federal knew of the shipment. Additionally, Federal contracted to replace or repair defective parts during a 30 day period following delivery to the ultimate consumer. We are of the opinion that Federal has sufficient minimum contacts with Louisiana to give to the courts of this state personal jurisdiction over it which does not offend the traditional concepts of fair play and substantial justice.
Appellee has cited Fidelity Credit Company v. Bradford, 177 So.2d 635 (La.App. 3rd Cir. 1965), writ refused, 248 La. 430, 179 So.2d 273 (1965) as dispositive of the jurisdictional question. In Fidelity, supra, the Third Circuit affirmed the sustaining of the declinatory exception of lack of in personam jurisdiction. There an out of state manufacturer, who employed no personnel in Louisiana, had no salesmen or office here, and sent no representatives into this state, shipped merchandise into Louisiana for resale by a Louisiana resident. The jurisdictional question was not before the Supreme Court, thus the writ refusal does not make this case controlling.
Therefore, for the above and foregoing reasons the judgment of the trial court sustaining the declinatory exception of lack of in personam jurisdiction is reversed and remanded for further proceedings. All *1315 costs of this appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.
PONDER, J., concurs in the result believing that LSA-R.S. 13:3201(d) controls.
NOTES
[1] Moore v. Central La. Elec. Co., Inc., 273 So.2d 284 (La. 1973); Liddell v. Hanover Ins. Co., 289 So.2d 299 (La.App. 1st Cir. 1973).