Wilbur T. HALEY

v.

**WRIGHT MANUFACTURING COMPANY d/b/a Dow Corning Wright, et al.**

No. 82–605–B.

United States District Court, M.D. Louisiana.

Nov. 24, 1986.

W. Michael Stemmans, Dennis J. Hauge, Roland Hudson, Baton Rouge, La., for plaintiffs.

Charles W. Rea, Baton Rouge, La., for intervenor.

Robert J. Vandaworker, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Howmedia, Inc.

Daniel Atkinson, Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, La., for Dow-Corning-Wright, Inc.

Harmon F. Roy, Mouton, Roy, Carmouche, et al., Lafayette, La., for Carpenter Steel Div., etc.

Horace C. Lane, Lane, Fertitta, Lane & Tullos, Baton Rouge, La., for Modern Drop Forge Co.

POLOZOLA, District Judge.

This matter is before the court on the motion of Modern Drop Forge Company, Inc. ("Modern"), to dismiss the plaintiff's complaint for lack of personal jurisdiction. No oral argument is required on this motion. For reasons which follow, the court finds that Modern's motion should be denied.

Wilbur T. Haley brought this action against Modern and several other defendants seeking recovery of damages allegedly arising as a result of the fracture of a Charnley type femoral prosthesis which had been implanted in plaintiff's right leg. Plaintiff alleges that the defendants were negligent in the design and/or manufacture of the prosthesis. In its motion to dismiss, Modern contends it is a foreign corporation and does not transact any business within the state of Louisiana.

Haley seeks to establish personal jurisdiction over the defendant under the Louisiana Long Arm Statute, R.S. 13:3201.[1]

---

1. La.Rev.Stat. 13:3201 provides in pertinent part:

A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.

* * * * * *

(4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state if he

A two-step inquiry is necessary to determine whether a state's long arm statute confers jurisdiction over nonresident defendants in a federal diversity action. The court must first determine whether the state statute provides a basis of jurisdiction. If the requirements of the state statute have been met, the court then must ascertain whether assertion of jurisdiction over the defendants complies with federal due process requirements.[2] The Louisiana Supreme Court has noted that Louisiana's Long Arm Statute was intended to encompass the maximum jurisdictional outreach allowable under the United States Constitution.[3]

Due process requires that a nonresident have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " before a court may assert personal jurisdiction over the nonresident.[4] "Due process protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations' ".[5] The defendant's conduct and its connection with the forum state must be such that it could reasonably antic-

ipate being sued in that court.[6] But, "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state" and those products subsequently injure consumers in the forum state.[7] The defendant must purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.[8] This "purposeful availment" cannot be satisfied by the unilateral activity of another party or third person. However, personal jurisdiction cannot be avoided merely because a defendant does not physically enter the forum state.[9]

When minimum contacts are present, they must be balanced with other factors to determine whether the court's personal jurisdiction affords substantial justice, is reasonable and is compatible with fair play.[10] In evaluating these factors, the court must look at the "relationship among the defendant, the forum, and the litigation".[11] The factors which must be evaluated by the court include the burden

regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

\* \* \* \* \* \*

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream or [sic] commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

2. *Bean Dredging Corp. v. Dredge Technology Corp.*, 744 F.2d 1081, 1083 (5th Cir.1984); *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195–196 (5th Cir.1980).

3. *Fryar v. Westside Habilitation Center*, 479 So.2d 883, 887 (La.1985).

4. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) [quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940) ]; *Bean Dredging Corp.*, 744 F.2d at 1083.

5. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985) [quoting *International Shoe Co. v. Washington*, 326 U.S. at 319, 66 S.Ct. at 160].

6. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

7. *Burger King Corp.*, 471 U.S. at 473, 105 S.Ct. at 2182 [citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297–298, 100 S.Ct. at 567–568].

8. *Burger King Corp.*, 471 U.S. at 474, 105 S.Ct. at 2183 [citing *Hanson v. Denckla*, 357 U.S. 235, 255, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958) ].

9. Id. 471 U.S. at 476, 105 S.Ct. at 2184.

10. *International Shoe Co.*, 326 U.S. at 30, 66 S.Ct. at 160.

11. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).

on the defendant, the forum state's interest in adjudicating the dispute, plaintiff's interest in having the dispute resolved in the forum state, the system's interest in obtaining the efficient resolution of the controversy, and the furtherance of fundamental substantive social policies.[12]

After applying the above legal principles to the facts of this case the court finds that it has personal jurisdiction over the defendant, Modern Drop Forge Company, Inc.

## A. "Minimum Contacts" with Louisiana

Modern contends it has no contacts with either the forum state or the cause of action and that there is no provision of the Louisiana Long Arm Statute under which jurisdiction would be permissible.

Modern is an Illinois corporation. It maintains that it has no agents, representatives, employees, retailers, or customers in Louisiana, and that none of its agents, employees or representatives has ever been in Louisiana in furtherance of Modern's business.

The Charnley hip prosthesis which forms the basis of this action was drop forged by Modern in Illinois, then shipped to Dow Corning Wright Company, Inc. ("Dow"), in Arlington, Tennessee for polishing, etching, inspection and packaging. Modern asserts that once it ships the product to Dow it has no knowledge or control in the final manufacturing steps of the prosthesis or the ultimate destination of the product. The record fails to support these contentions. George N. Schramm, the executive vice-president of Modern testified in his deposition that Modern was aware that the orthopedic surgical implants would be sold to hospitals throughout the country, but Modern made no attempt to limit their sales or distribution. The record further reflects that Modern does not try to limit its sales territory. Furthermore, Modern manufactures millions of custom forgings a year and sends as much as seventy-five percent of its products into interstate commerce. Schramm further testified that Modern tries to maintain and promote its image as a leader in the American forging industry throughout the country. Modern also advertises in a nationally distributed publication. Its own literature states that its plants are linked to major and secondary transportation routes and that it ships its products from coast to coast and overseas.

In *Bean Dredging Corp. v. Dredge Technology Corp.*, supra, a defendant manufacturer, placed thousands of steel castings into the stream of commerce to be used as component parts in other products. These products included two castings which were used in the construction of an allegedly defective barge in Louisiana. The manufacturer had no indication of the product's ultimate designation. The manufacturer was also interested in reaching as large a market as possible and made no attempt to limit its sales. The Fifth Circuit Court of Appeals ruled that the defendant manufacturer had sufficient minimum contacts in Louisiana for the Louisiana court to have personal jurisdiction in a suit filed in Louisiana. The Fifth Circuit noted:

... the number of contacts with the forum state is not determinative of the "minimum contacts" test: rather the contacts must support an inference that the nonresident defendant purposefully availed himself of the benefits of the forum state ... and ... even activities outside one state can fulfill this requirement if they have reasonably forseeable consequences within the state.[13]

In the *Bean Dredging Corp.* case, the Fifth Circuit relied on the rationale used by the Seventh Circuit in *Nelson v. Park Industries, Inc.*, 717 F.2d 1120, 1125–1126 (7th Cir.1983) cert. denied, which is also applicable to the case at hand:

In contrast, the relevant scope [of the foreseeable market] is generally broader with respect to manufacturers and pri-

---

12. *Burger King Corp.*, 471 U.S. at 476, 105 S.Ct. at 2184.

13. *Bean Dredging Corp.*, 744 F.2d at 1083.

mary distributors of products who are at the start of a distribution system and who thereby serve, directly or indirectly, and derive economic benefit from a wider market. Such manufacturers and distributors purposely conduct their activities to make their product available for purchase in as many forums as possible. For this reason, a manufacturer or primary distributor may be subject to a particular forum's jurisdiction when a secondary distributor and retailer are not, because the manufacturer and primary distributor have intended to serve a broader market and they derive direct benefits from serving that market. *Bean Dredging Corp.*, 744 F.2d at 1084.

■ Modern places millions of its products into the stream of commerce without limitation as to their ultimate distribution or sale as did the defendant manufacturer in *Bean Dredging Corp.* It also had an interest in reaching as broad a market as it possibly could. The fact that Modern's product may have undergone further processing before distribution does not negate the existence of sufficient minimum contacts on Modern's part for the court to maintain in personam jurisdiction over Modern in this suit.

B. *Fairness of the Louisiana Forum*

■ The court also concludes that it is both fair and reasonable to require Modern to defend this suit in Louisiana. The prosthesis was used in Louisiana and its alleged defects surfaced in Louisiana. It is also clear that a Louisiana resident is claiming damages as a result of this alleged defect. Because the court has not dismissed the remaining litigation in Louisiana, the state has an interest in providing a forum for this suit to be heard in Louisiana. Given the magnitude of Modern's operations, the court is compelled to hold that it is not unreasonably inconvenient for Modern to defend this suit in Louisiana.

In summary, the court finds that the totality of the contacts between the defendant and the forum state are sufficient to allow the exercise of in personam jurisdic-tion over the defendant and such exercise does not offend the traditional notions of fair play and substantial justice.

Therefore:

IT IS ORDERED that the motion of the defendant, Modern Drop Forge Company, Inc., to dismiss for lack of personal jurisdiction be and it is hereby DENIED.