**GAMXX ENERGY, INC., et al**

v.

**Henry W. FROST, IV.**

Civ. A. No. 87–492–B.

United States District Court,
M.D. Louisiana.

Sept. 8, 1987.

Guy E. Wall, Gordon, Arata, McCollam, Stuart & Duplantis, New Orleans, La., for plaintiffs.

Charles S. McCowan, Jr., Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendant.

POLOZOLO, District Judge.

This matter is before the court on the motion of the defendant, Henry W. Frost, IV, to dismiss, in the alternative to abstain from exercising jurisdiction, or in the further alternative, to transfer the case to a more convenient forum. Also pending before the court is the motion of the plaintiffs, GAMXX Energy, Inc. ("GAMXX") and James L. Moore ("Moore"), to remand. No oral argument is required on these motions. For the reasons which follow, the court denies plaintiffs' motion to remand and grants defendant's motion to dismiss for lack of personal jurisdiction.

Plaintiff originally filed this suit in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana seeking a declaration that a "Letter Agreement" entered between the parties was no longer in effect and that plaintiffs owe the defendant nothing as a result of the contract. The defendant timely removed the action to this court asserting diversity jurisdiction.

The plaintiffs, Moore and GAMXX are Louisiana residents. Moore is also the principal stockholder and Chairman of the Board of GAMXX. Henry W. Frost, IV ("Frost"), the defendant, is a resident of Texas. All parties are active in the oil and gas industry.

This suit involves a dispute over a contract entered into June 4, 1986 by the parties. Pursuant to this agreement, GAMXX was required to pay Frost a finders fee for any financing which Frost brought to GAMXX from third parties who would participate in GAMXX's acquisition of the Marion Corporation Refinery in Theodore, Alabama. GAMXX seeks a declaratory judgment declaring that it owes nothing under the terms of the contract because financing for the acquisition of the refinery was obtained by means independent of any effort on the part of Frost. Frost has filed suit in Texas state court asserting that the finders fee is owed to him by GAMXX under the June 4th agreement.

Plaintiffs have filed a motion to remand this suit to state court. Plaintiffs contend that should this court grant defendant's motion to abstain from exercising jurisdiction, the case should not be dismissed or stayed but should be remanded. Plaintiffs argue that the court would not have had "original jurisdiction" under 28 U.S.C. 1441(a).

It is clear that plaintiffs have misconstrued the law concerning federal court jurisdiction, removal and remand. Section 1441(a), (b) of the United States Code provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

■ A review of the record reveals that this action is one of which this court would have had original jurisdiction pursuant to 28 U.S.C. 1332(a)(1). It is not disputed that complete diversity exists between the parties and that the amount in controversy exceeds $10,000.00. It is also undisputed that the statutory requisites of 28 U.S.C. 1446 have been complied with. The plaintiffs have not shown and indeed could not show any basis to support a remand of this suit to state court. Plaintiffs' argument that abstention is a proper basis for remand is without merit. See *Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130 (7th Cir.1981).

The conditions under which a suit is remanded to state court after its removal to federal court is controlled by 28 U.S.C. 1447(c). The court finds that it does have subject matter jurisdiction and the suit was properly and timely removed. Therefore, plaintiffs' motion to remand is denied.

The defendant has filed a motion to dismiss this declaratory action because this court lacks *in personam* jurisdiction over him. In support of his motion, Frost has submitted his affidavit to the court. Plaintiffs have also filed affidavits in opposition to the defendant's motion.

This court has recently examined the applicable law which must be applied in determining whether there is *in personam* jurisdiction over a defendant. See *Kostuch v. Southtrust Bank of Alabama, N.A.,* 665 F.Supp. 474 (M.D.La.1987); *Haley v. Wright Manufacturing Co.,* 651 F.Supp. 116 (M.D.La.1986). Plaintiffs seek to establish personal jurisdiction over the defendant under the Louisiana Long Arm Statute, La.R.S. 13:3201, which provides in pertinent part:

A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.

A two-step inquiry is necessary to determine whether a state's long arm statute confers jurisdiction over a nonresident defendant in a federal diversity action. The court must first determine whether the state statute provides a basis for jurisdiction. If the requirements of the state statute have been met, the court must then ascertain whether assertion of jurisdiction over the defendant complies with federal due process requirements. *Bean Dredging Corp. v. Dredge Technology Corp.,* 744 F.2d 1081, 1083 (5th Cir.1984).

The defendant asserts that there is no statutory basis for the assertion of jurisdiction over Frost and, therefore, the constitutional issue need not be addressed. Frost asserts that this "cause of action" did not arise from the "transacting of any business" in Louisiana as required by the statutory language of La.R.S. 13:3201.

Plaintiffs, however, assert that the Louisiana long arm statute has been consistently interpreted to extend to the maximum limits permitted by due process. *Pedelahore v. Astropark, Inc.,* 745 F.2d 346 (5th Cir.1984). This interpretation was based on the official comments of the redactors of the long arm statute. Plaintiffs contend the inquiry is narrowed to whether the defendant has sufficient contacts with the state so that the exercise of jurisdiction would not offend tradition notions of fair play and substantial justice. *Id.*

The Fifth Circuit has recently certified to the Louisiana Supreme Court the question of whether La.R.S. 13:3201 requires a direct nexus between the business transacted in Louisiana by the nonresident defendant and the plaintiff's cause of action. See *Petroleum Helicopters, Inc. v. Avco Corporation,* 811 F.2d 922 (5th Cir.1987). The Louisiana legislature has also enacted legislation to amend R.S. 13:3201. 1987 La. Acts 418. This amendment provides in pertinent part:

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

However, this court need not decide whether the statutory requirements under the Louisiana Long Arm Statute have been complied with. The court concludes from the facts in the record that the defendant does not have the requisite contacts with the State of Louisiana to comport with the due process requirements for the assertion of *in personam* jurisdiction by this court under the Louisiana Long Arm Statute.

It is clear that for the court to have personal jurisdiction over the defendant, the court must determine whether the defendant purposely availed himself of the privilege of conducting business in Louisiana or that he invoked the benefits and protection of Louisiana law. *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* —— U.S. ——,

107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

The plaintiff argues that Frost has had numerous contacts with Louisiana which makes it fair and constitutional for the court to assert jurisdiction over the defendant. Plaintiffs rely on the affidavits of James A. Moore and Craig A. Tullos to support their position. These affidavits provide that Frost traveled to Louisiana during 1985 and 1986 on six separate occasions. The affiants further state Frost made numerous telephone calls to them in Louisiana.

Frost maintains that he has made only three visits to Louisiana and that these visits occurred after his performance under the contract. Therefore, Frost asserts that these contacts should not be considered in determining "defendant contacts" with the forum. Frost further states that he: owns no property in Louisiana; does not pay taxes in Louisiana; has never advertised in any Louisiana or national publication; is a resident and domiciliary of Dallas County, Texas; has never resided in Louisiana and has never appointed an agent for service of process, nor maintained an agent, employee, office, bank account, mailing address or telephone listing in Louisiana.

In *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987), the court set forth the standard to be applied in determining whether *in personam* jurisdiction can be asserted.

When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising "specific jurisdiction." To exercise specific jurisdiction, the court must examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. Even where specific jurisdiction is lacking, however, a court may nevertheless exercise "general jurisdiction" based on a defendant's contacts with the forum unrelated to the controversy. To exercise general jurisdiction, the court must determine whether "the contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction."

*Id.* at 777 (citations omitted).

In examining the defendant's contacts with Louisiana as related to the instant controversy, the court concludes that the contacts are insufficient to support an exercise of specific jurisdiction.

The Supreme Court in *Burger King, supra,* addressed the constitutional requirements in the context of interstate contractual obligations. In reaffirming its rejection of the notion that personal jurisdiction might turn on mechanical tests, the court noted:

[W]e note a continued division among lower courts respecting whether and to what extent a contract can constitute a "contact" for purposes of due process analysis. If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot ... Instead, we have emphasized the need for a "highly realistic" approach that recognizes that a "contract" is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." ... It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

*Burger King*, 105 S.Ct. at 2185–86. (emphasis theirs)

■ The facts of this case reveal that the defendant, a Texas resident, entered into a contract with Louisiana residents. The contract provided that Frost was to act as a broker in an attempt to obtain financing for the plaintiffs to purchase an oil

refinery located in Alabama. It is clear that the material performance required under the June 4th contract occurred outside the State of Louisiana. Frost states in his affidavit and in his answers to plaintiffs' first set of interrogatories that Frost participated in negotiations with several lending institutions and financial backers, with such negotiations taking place outside of Louisiana.

Also, the court notes that the contract was entered into in Texas. Texas law will govern the agreement. La.Civ.Code Art. 10. Finally, the exchange of communications by the parties between Texas and Louisiana in the course of developing and carrying out the contract is insufficient to constitute availment of the benefits and protections of Louisiana law. *Holt Oil & Gas Corp.*, 801 F.2d at 778.

Therefore, the court concludes that there are insufficient contacts between Louisiana, Frost and this controversy to support an exercise of specific jurisdiction.

The only additional contact of Frost with the forum state, as noted in the affidavit of Moore, is that Frost traveled to Louisiana in January of 1985 in an effort to acquire or broker property being sold by other corporations. The court finds that this additional contact in conjunction with the other contacts involved in the instant controversy are not "sufficiently systematic and continuous to support a reasonable exercise of jurisdiction." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 1480–81, 79 L.Ed.2d 790 (1984). Therefore, the court finds that exercise of general jurisdiction under these facts is not proper.

In conclusion, the court finds that it cannot exercise *in personam* jurisdiction over the defendant, Henry W. Frost, IV. Therefore, defendant's motion to dismiss shall be granted. Because of the court's ruling, it is unnecessary for the court to rule on defendant's alternative motions. The court shall withhold signing an order of dismissal to give the plaintiff (ten) 10 days to advise the court whether the plaintiffs desire to have this case transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1631 rather than having the case dismissed.

Therefore:

IT IS ORDERED that the motion of GAMXX Energy, Inc. and James L. Moore to remand be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of Henry W. Frost, IV to dismiss be and it is hereby GRANTED. The court shall withhold entering a judgment of dismissal for ten (10) days.

IT IS FURTHER ORDERED that plaintiffs shall inform the court within ten (10) days whether they would like to have the case transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1631.