597 So.2d 110 (1992)
The BABCOCK & WILCOX COMPANY and Babcock & Wilcox International Investments Co., Inc.
v.
BABCOCK MEXICO, S.A. de C.V.
No. 91-CA-1694.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1992.
Writ Denied July 1, 1992.
*111 Nesser, King & LeBlanc, John T. Nesser, III, Clare P. Hunter, Jeffrey M. Burmaster, New Orleans, for plaintiffs-appellants The Babcock & Wilcox Co. and Babcock & Wilcox Intern. Investments Co., Inc.
Rutledge C. Clement, Jr., Christopher O. Davis, Amelia Williams Koch, New Orleans, for defendant-appellee Babcock Mexico, S.A. de C.V.
Before KLEES and LOBRANO, JJ., and GULOTTA, J. Pro Tem.
KLEES, Judge.
Plaintiffs appeal the district court's judgment dismissing their case against the defendant on an exception of lack of personal jurisdiction. We reverse.
Plaintiffs are The Babcock & Wilcox Company and Babcock & Wilcox International Investments Company, Inc. [hereinafter collectively referred to as "B & W"], which are both subsidiaries of McDermott International, Inc. Plaintiffs are incorporated under the laws of Delaware and Panama, respectively, and McDermott is incorporated under the laws of Delaware and Panama, respectively, and McDermott is incorporated under the laws of Panama. McDermott's principal place of business is in New Orleans.
The defendant is Babcock Mexico, S.A. de C.V. [hereinafter "Babcock Mexico"], a Mexican corporation which serves as a holding company for various industrial, *112 manufacturing and construction companies. Babcock Mexico is not registered to do business in Louisiana and has no agent, office or employees in this state.
The subject of this lawsuit is the alleged breach by Babcock Mexico of a Letter of Intent signed March 14, 1989 between it and B & W concerning the intended purchase by B & W of several of Babcock Mexico's subsidiaries. B & W alleges that Babcock Mexico breached the agreement by selling the subsidiaries to a Mexican firm in August of 1989.
The district court determined that Babcock Mexico lacked sufficient "minimum contacts" with the state of Louisiana to be sued in a Louisiana court, and therefore dismissed plaintiffs' action without prejudice on an exception of lack of personal jurisdiction. We reverse.
We reject defendant's assertion that the "manifest error" standard of review, particularly as enunciated in Virgil v. American Guarantee & Liability Ins., Co., 507 So.2d 825, 826 (La.1987), applies in this instance. The determination by the trial court that the defendant corporation does not have the minimum contacts necessary to subject it to the personal jurisdiction of a Louisiana court involves the application of the facts to an established rule of law, and is thus a legal question. Therefore, manifest error does not apply. See Groth v. International Dispensing Systems, Inc., 361 So.2d 1312 (La.App. 1st Cir.1978).
Louisiana's long-arm statute, La. R.S. 13:3201(B), provides that a Louisiana court may exercise personal jurisdiction over a nonresident defendant "on any basis... consistent with the Constitution." According to the Supreme Court of the United States, such a defendant is amenable to personal jurisdiction if he has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Our courts recognize two different types of personal jurisdiction: general and specific. General jurisdiction arises only when the defendant has engaged in "continuous and systematic general business contacts" with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). In Helicopteros, the Court considered whether a Texas court could exercise jurisdiction over a Colombian corporation in a wrongful death action stemming from a helicopter crash in Peru. The defendant had contracted to provide helicopter service to a Peruvian firm whose alter-ego was a joint venture headquartered in Texas. The defendant's chief executive officer had flown to Texas once to negotiate the contract with the joint venture. In addition, the defendant had purchased most of its helicopter fleet from a Texas manufacturer, had sent its pilot and other employees to be trained in Texas, and had received payment for its services by checks drawn on a Texas bank. The Court found that these contacts were insufficient to allow a Texas court to assert jurisdiction over a nonresident defendant on a cause of action in tort which was unrelated to the defendant's activities in Texas.
In the instant case, it is clear that Babcock Mexico does not have the "continuous and systematic" contacts with Louisiana which would be necessary to support general jurisdiction. Neither Babcock Mexico nor any of its subsidiaries has ever been qualified to do business in Louisiana or has had an agent for service of process here. Each Babcock Mexico company is incorporated under the laws of Mexico, and none has ever maintained any office, employees, post office box, address, telephone or telephone listing in Louisiana. They have never advertised or paid taxes in Louisiana; they have never borrowed or loaned money or had a bank account here; they have never sent personnel to this state for training or owned vehicles that have travelled here. One Babcock Mexico subsidiary has sold boilers to B & W, but all sales were structured so that title to the products was transferred in Mexico and delivery occurred in Mexico, even if the purchaser *113 ultimately removed the products. The United States Fifth Circuit Court of Appeal has recently held that, in determining whether to exercise general jurisdiction, the court must consider whether the defendant took deliberate steps to minimize its contacts with the forum state. Dalton v. R & W Marine, Inc., 897 F.2d 1359 (5th Cir.1990). In such a case, the court should not lightly disregard the defendant's "obvious attempt to exercise its due process rights." Id. at 1362. See also: Bearry v. Beech Aircraft Corp., 818 F.2d 370 (5th Cir.1987). In the instant case, we agree with the district court that Babcock Mexico's contacts with Louisiana are not sufficient to support the assertion of general jurisdiction.
Nevertheless, we find that the trial court erred in sustaining defendant's exception because we believe that the court can constitutionally exercise specific jurisdiction over Babcock Mexico in this case.
Specific jurisdiction is appropriate only when the cause of action arises from or is related to the defendant's purposeful contacts with the forum state. For specific jurisdiction to apply, the defendant must have "purposely availed himself of the privilege of conducting business in Louisiana or invoked the benefits and protection of Louisiana law." GAMXX Energy Inc. v. Frost, 668 F.Supp. 541, 543 (M.D.La.1987). When a nonresident has purposefully established such contacts, the court must analyze the quality and nature of the contacts and the relationship among the defendant, the forum and the litigation to determine whether the exercise of jurisdiction is reasonable. Superior Supply Co. v. Associated Pipe & Supply Co., 515 So.2d 790, 794 (La.1987).
In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2184; 85 L.Ed.2d 528 (1985), one of the leading cases on specific jurisdiction, the Court stated that even one significant contact can be sufficient for a state to exercise personal jurisdiction over a nonresident defendant. The Court in Burger King permitted a Florida court to exercise jurisdiction over a Michigan resident who had contracted by mail and wire with Burger King, a Florida corporation, to operate a franchise in Michigan, even though the defendant had never entered Florida. According to the Court, sufficient minimum contacts exist if "the defendant's conduct in connection with the forum state [is] such that he should reasonably anticipate being haled into court there." Burger King, 471 U.S. at 475, 105 S.Ct. at 2183.
Louisiana courts have also recognized that a single act on the part of the defendant may be enough to subject that defendant to personal jurisdiction, particularly in a contract case. In Adcock v. Surety Research & Investment Corp., 344 So.2d 969 (La.1977), the Court allowed the exercise of personal jurisdiction over a California corporation whose president had made one trip to Louisiana, during which he had negotiated and executed a contract concerning a construction project in Nevada. Similarly, in Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Co., 283 So.2d 687 (La.1973), the Court permitted the exercise of jurisdiction in a contract case where the agreement was negotiated, but not signed, in Louisiana. The defendant in Drilling Engineering was a Delaware corporation with its principal place of business in California, whose representative had come to Louisiana only once to negotiate a contract for engineering services which were to be rendered in Indonesia. The contract had been reduced to writing and then sent to the defendant in California to be signed. Id. at 690.
Recently, in Security Homestead Association v. International Insurance Co., Inc., 546 So.2d 1384 (La.App. 4th Cir.1989), we allowed the assertion of jurisdiction over a Florida bank and a Wisconsin bank in two separate actions in which the plaintiff was a Louisiana financial institution suing for alleged violations of financing agreements between it and each defendant. The two actions were consolidated for the purpose of determining jurisdiction. In the first case, involving the financing of a construction project in Idaho, a representative of the Wisconsin defendant had attended *114 one meeting in Louisiana, with the remainder of the contacts being telephone calls and letters. In finding that jurisdiction was proper, we said:
Performance of the contract obliged Republic [the Wisconsin bank] to maintain contact with Security [the Louisiana bank] over a long period of time. While Republic's representative came physically to Louisiana only once, Republic was constantly present in this state with mail and telephone communications.
Id. at 1387. In the second action, this court allowed the assertion of jurisdiction over the Florida bank even though the defendant had never been physically present in Louisiana. In that case, the Louisiana institution had agreed to finance ninety percent of a Florida Construction project with the Florida bank acting as its agent. We emphasized that the defendant had made direct contact with the Louisiana financial institution and had actively promoted its participation in the project. As in the first case, we found that the contacts were sufficient because they were not fortuitous, but were part of a deliberate plan. Id. at 1388.
The facts of the instant case are analogous to those of Adcock, Drilling Engineering, and Security Homestead. Representatives of Babcock Mexico met in New Orleans at plaintiffs' offices on three separate occasions. The final meeting, in July of 1989, was a two-day meeting conducted for the specific purpose of discussing and attempting to bring to fruition the objective of the Letter of Intent. In keeping with the prior Louisiana jurisprudence, this one meeting, together with the various mail and telephone correspondence, would be a sufficient basis for jurisdiction. We reject defendant's argument that the meetings in New Orleans were merely fortuitous because they occurred when plaintiff's Ohio-based representatives happened to be in New Orleans on business. The fact is that these meetings took place at plaintiffs' New Orleans office, which is its principal place of business, and cannot be considered fortuitous simply because they occurred here rather than in Ohio. As in Security Homestead, the meetings were "pursuant to a carefully conceived and deliberate plan, they were ongoing over a long period, [and] they were substantial, significant, and productive." 546 So.2d at 1388.
Accordingly, for the reasons given, we reverse the judgment of the trial court sustaining defendant's exception of lack of personal jurisdiction, and remand the matter to that court for further proceedings consistent with this opinion.
REVERSED