DECUIR, Judge.
Plaintiff, Advance Petroleum Service, Inc., appealed a judgment sustaining an exception of lack of in personam jurisdiction over defendant, Michael D. Cucullu. Finding no error in the trial court’s ruling, we affirm.
FACTS
This appeal arises in the context of a legal malpractice action instituted by Advance (a Louisiana corporation) against Cu-cullu (a Texas attorney currently domiciled in Colorado) and the Louisiana attorney who referred the case to him. Advance originally retained a Louisiana attorney to perfect a lien on its behalf. Subsequently, the attorney contacted Cucullu, a Texas attorney who was also licensed in Louisiana, to work with him in perfecting the lien in Texas.
When it became evident that the bulk of the work would be in Texas, the Louisiana attorney withdrew and Cucullu began dealing directly with Advance. Some time later, Cucullu filed a labor and materialmen’s lien in Harris County, Texas, on behalf of Advance.
Thereafter, it was determined that the lien was not effective as to the general contractor of Advance’s original debtor. Advance then initiated this claim for legal malpractice against Cucullu and the Louisiana attorney. Cucullu excepted to the jurisdiction of the Louisiana Court. The exception was tried and the court found that Cucullu did not have the requisite “minimum contacts” with Louisiana to comply with due process requirements. Advance appeals alleging that the lower court erred in sustaining the exception.
LAW
Since the 1987 amendment to LSA-R.S. 13:3201, the sole inquiry in Louisiana into jurisdiction over a non-resident is whether the assertion of jurisdiction complies with constitutional due process. Superior Supply Company v. Associated Pipe & Supply Company, 515 So.2d 790 (La.1987). If the assertion of jurisdiction meets constitutional due process requirements then the assertion of jurisdiction is authorized, because the limits of the Louisiana Long Arm Statute and constitutional due process are co-extensive. Fox v. *880 Board of Supervisors of La. State University, 576 So.2d 978 (La.1991).
The landmark U.S. Supreme Court decision of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) provides the basis for inquiries into personal jurisdiction. There the court held that jurisdiction may be asserted over a non-resident who has “certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.”
More recently, in Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), the Court held that the inquiry does not end with the conclusion that the defendant had sufficient contacts with the forum, but must continue to determine whether the assertion of jurisdiction comports with traditional notions of fair play and substantial justice. The court enumerated several factors to evaluate in determining the reasonableness of an assertion of jurisdiction: 1) the burden on the defendant; 2) the interest of the forum state; 3) the plaintiffs interest in obtaining relief; 4) the interest of the interstate judicial system in obtaining the most efficient resolution of controversies; and 5) the shared interest of the states in furthering fundamental social policies.
APPLICATION OF LAW TO FACTS
The contacts between Cucullu and the forum in the present case are few. First, Cucullu graduated from a Louisiana Law School and is licensed to practice in Louisiana and has attended the requisite CLE courses to maintain his license. Second, he took the referral of a Louisiana attorney to represent Advance in this case. Finally, he corresponded with Advance with regard to this matter.
Advance argues that Cucullu advertised for business in Louisiana because his letterhead indicated that he was licensed here. We find this argument unpersuasive. A reference to a Louisiana license might be an advertisement to Texas clients involved in business with Louisiana companies but cannot realistically be considered a solicitation for business in Louisiana. More likely, it should be considered merely a listing of professional accomplishment.
The trial court reviewed these contacts and concluded that Cucullu lacked sufficient minimum contacts with Louisiana to justify an exercise of jurisdiction. Moreover, in an abundance of caution the trial court’s reasons for judgment reflect a careful consideration of the factors set out in Asahi supra. The court specifically found that:
“1. Defendant was hired by a Louisiana company while he was living and practicing in Texas;
2. Defendant did not advertise in the State of Louisiana while he was practicing in the State of Texas;
3. Defendant did not solicit work, but rather was solicited by a Louisiana company to perform work in Texas;
4. All of the work performed was performed in the State of Texas;
5. If legal malpractice occurred, it occurred in the State of Texas; and
6. This is a case involving issues of Texas law which would more appropriately decided by a Texas court.”
We find no error in the trial court’s ruling.
For these reasons, the judgment of the district court sustaining Cucullu’s exception of lack of jurisdiction is affirmed, at appellant, Advance Petroleum’s cost.
AFFIRMED.