669 So.2d 510 (1996)
Carlton BOSARGE
v.
MASTER MIKE, INC.
No. 95-CA-0986.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1996.
Writ Denied March 22, 1996.
*511 Charles B. Colvin, George W. Byrne, Jr., Randy J. Ungar, Randy J. Ungar & Associates, Inc., New Orleans, for Plaintiff.
Paul N. Vance, Robert R. Johnston, Rice, Fowler, Kingsmill, Vance Flint & Rodriguez, New Orleans, for Defendant.
Before BARRY, ARMSTRONG and WALTZER, JJ.
ARMSTRONG, Judge.
This is an appeal by the plaintiff in a maritime personal injury action from a dismissal, for lack of personal jurisdiction, of the only defendant. We affirm.
The plaintiff, Carlton Bosarge, was injured while employed on the shrimping vessel MASTER MIKE. The MASTER MIKE is owned by defendant Master Mike, Inc. which is an Alabama corporation. Mr. Bosarge is a citizen of Alabama. Further, the accident occurred in Alabama waters. However, Mr. Bosarge filed suit in Louisiana.
Mr. Bosarge asserts that there is personal jurisdiction over Master Mike, Inc. in Louisiana because of six contacts with Louisiana by the MASTER MIKE over a four year period and because the vessel had certain Louisiana licenses. The six contacts with Louisiana are:
1. June 1990sale of $2,800.11 of shrimp and purchase of fuel.
2. July 1990sale of $6,682.00 of shrimp and purchase of fuel.
3. March 1992purchase of a battery charger.
4. April 1992sale of $1,041.20 of shrimp and purchase of fuel.
5. October 1992sale of $28,385.50 of shrimp and purchase of fuel, food, ice and a few other items and repair of a refrigerator.
6. July 1994sale of $15,472 of shrimp and purchase of fuel, food and a few other items.
The accident, which occurred in March 1993, did not arise out of any of these six contacts with Louisiana. Indeed, it is undisputed that none of MASTER MIKE's six contacts with Louisiana has any relation to Mr. Bosarge's accident or injury.
The first inquiry in determining whether there is personal jurisdiction is whether the defendant, Master Mike, Inc., has sufficient "minimum contacts" with Louisiana so that it may be subject to suit here. E.g., de Reyes v. Marine Management and Consulting Ltd., 586 So.2d 103 (La.1991); Fox v. Board of Supervisors of Louisiana State University, 576 So.2d 978 (La.1991); Babcock & Wilcox v. Babcock Mexico, 597 So.2d 110 (La.App. 4th Cir.1992), writ denied, 600 So.2d 679 (La.1992). In performing the minimum contacts analysis, two different types of personal jurisdiction must be considered as to their applicability. In some cases, the cause of action against the defendant arises out of the defendant's contacts with the forum state. These cases are said to involve "specific jurisdiction." de Reyes, supra at 107-108; Fox, supra at 984-85; Babcock, supra at 112-113. The present case cannot involve specific jurisdiction because Mr. Bosarge's accident and injury are unrelated to any of Master Mike, Inc.'s contacts with Louisiana. In other cases, the cause of action against the defendant does not arise out of the contacts of the defendant with the forum state which are the basis of personal jurisdiction. These cases are said to involve "general jurisdiction." de Reyes, supra at 107-108; Fox, supra at 984-85; Babcock, supra at 112-113. Mr. Bosarge's *512 assertion of personal jurisdiction in the present case necessarily relies upon a theory of general jurisdiction because his accident and injury are unrelated to Master Mike, Inc.'s contacts with Louisiana.
Mr. Bosarge's necessary reliance upon general jurisdiction is of some importance because much more substantial contacts with the forum state are required to establish general, as opposed to specific, jurisdiction. Cadawas v. Skibsaksjeselskapet Storli, 630 So.2d 289, 292 (La.App. 5th Cir. 1993). "General jurisdiction arises only when the defendant has engaged in `continuous and systematic general business contacts' with the forum state." Babcock, supra at 112. In de Reyes, supra at 108, the Supreme Court found systematic and continuous contacts because the defendant maintained an office staffed with several employees in Louisiana. In Fox, supra at 985, the Supreme Court found no contacts sufficient to establish general jurisdiction over an out-of-state college where that college recruited Louisiana students, contacted Louisiana alumni, raised some funds from Louisiana contributors and had a few other contacts with Louisiana.
We believe, with the guidance of the de Reyes and Fox decisions, that Master Mike, Inc.'s half dozen contacts with Louisiana, over a four year period, are not sufficient to establish general jurisdiction. The six contacts cannot be described as "systematic and continuous." Instead they were ad hoc and sporadic.
Mr. Bosarge also points out that the MASTER MIKE had Louisiana vessel commercial fishing and gear licenses. These licenses are required if a vessel possesses fish for sale in the saltwater areas of Louisiana, La.R.S. 56:304, if a commercial fisherman possesses fish in Louisiana, La.R.S. 56:303, and if the vessel possesses trawls such as those of the MASTER MIKE. La.R.S. 56:305. Thus, as a practical matter, the MASTER MIKE would violate the law if it ever entered Louisiana waters without these licenses. Apparently, the MASTER MIKE shrimps, not only in Alabama, but also in federal waters off of Mississippi, Louisiana and Texas. Thus there would be occasions when the MASTER MIKE would transit Louisiana waters or even, as evidenced by the six above-discussed contacts, come to Louisiana. Thus, the existence of the licenses is not inconsistent with the ad hoc and sporadic nature of the MASTER MIKE's contacts with Louisiana.
Moreover, a Louisiana license was held not enough to create personal jurisdiction in Louisiana in Advance Petroleum Service v. Cucullu, 614 So.2d 878 (La.App. 3rd Cir. 1993), writ denied, 617 So.2d 911 (La.1993). In that case, the defendant was an attorney in Texas. He was sued for malpractice in Louisiana. The Texas attorney had graduated from a Louisiana law school, had a Louisiana law license and took the necessary continuing legal education courses to maintain his Louisiana law license. However, the Texas attorney lived and worked in Texas and the legal services he performed from which the legal malpractice claim arose were performed in Texas. The court held that there was no personal jurisdiction in Louisiana for the malpractice claim against the Texas attorney. Thus, under the Advance Petroleum Service decision, merely having a Louisiana license does not, by itself, make one subject to personal jurisdiction in Louisiana.
Lastly, Mr. Bosarge very briefly asserts that additional discovery should have been conducted as to personal jurisdiction. "At the hearing [in the trial court], appellant suggested that perhaps additional discovery would be in order, since it would have appeared, at least on the surface, that the defendant's activities in Louisiana exceeded what had been admitted." However, the record reflects that Mr. Bosarge did conduct jurisdictional discovery and then Mr. Bosarge, not the defendant, moved to set for hearing the defendant's exception of lack of personal jurisdiction. Thus, Mr. Bosarge had opportunity for discovery as to personal jurisdiction as he desired.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
*513 WALTZER, Judge, dissents with written reasons.
In addition to the June 1990 sale of shrimp, July 1990 sale of shrimp, March 1992 battery purchase, April 1992 sale of shrimp, and July 1994 sale of shrimp, the State of Louisiana issued commercial fishing, vessel and gear licenses to the Master Mike, Inc. in 1992, 1993, and 1994 and defendants admitted that they fish the waters of Louisiana every year. We cannot help but wonder what the dollar value is of the shrimp removed from Louisiana waters every year. This writer finds that the Master Mike, Inc. is doing business in Louisiana and has continuous and systematic contacts with this state.
Defendants make a great deal of the statement that the Master Mike "does not hold a license to do business in Louisiana". The phrase "license to do business" is nebulous at best. The commercial fishing, vessel and gear licenses are licenses to do business. If defendant's mean that the Alabama corporation Master Mike, Inc. is not registered with the Louisiana Secretary of State's Office, then there are many national companies which are Delaware corporations, but which do business all over the country without being registered with the state office. It is suspected, however, that the phrase "license to do business" is meant to refer to sales tax licenses. It is not unusual in the shrimping industry, which is an all cash industry, for shrimpers to attempt to avoid the payment of sales taxes by failing to get sales tax licenses. For this reason, the Louisiana Department of Revenue periodically has sales tax agents standing on the docks where the catches are sold to collect sales taxes.
I find that under deReyes v. Marine Management & Consulting, 586 So.2d 103 (La. 1991), the defendant Master Mike, Inc. maintains continuous and systematic contacts with Louisiana, that suit may be brought in the Civil District Court, and would reverse the trial court judgment.