778 So.2d 615 (2000)
A.O. SMITH CORPORATION, et al.
v.
AMERICAN ALTERNATIVE INSURANCE CORPORATION, et al.
No. 2000-C-2485.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 2000.
Writ Denied March 23, 2001.
*617 Alan H. Goodman, Earl S. Eichin, Jr., Lemele & Kelleher, L.L.P., New Orleans, LA, and John R. Ferguson, Ky E. Kirby, Swidler Berlin Shereff Friedman, L.L.P., Washington, DC, Counsel for Defendants-Relators.
Scott S. Partridge, Michael R. Phillips, Kerry J. Miller, Monique G. Morial, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, and Thomas E. Birsic, John M. Sylvester, John T. Waldron, III, Fitzpatrick & Lockhart, LLP, Pittsburgh, PA, Counsel for Plaintiffs-Respondents.
Court composed of Judge MURRAY, Judge BAGNERIS, and Judge TOBIAS.
TOBIAS, Judge.
A.O. Smith Corporation, American Water Heater Company, Bradford White Corporation, Lochinvar Corporation, Rheem Manufacturing Company, and State Industries, Inc. (collectively, the "Tank Manufacturers") were assigned the claims of water heater owners against Perfection Corporation ("Perfection") by virtue of a class action[1] settlement in the United States District Court for the Western District of Missouri. The water heater owners alleged in the class action that the Tank Manufacturers sold them defective water heaters. Perfection manufactured dip tubes, a component part of water heaters manufactured and sold by the Tank Manufacturers. The dip tubes were also alleged to be defective. In the case at bar, in addition to asserting the claims assigned to them by virtue of the class action settlement, the Tank Manufacturers also assert direct causes of action against Perfection and American Meter Company[2] ("American Meter") of warranty, contract, indemnity, and contribution.
Perfection and American Meter filed exceptions of lack of personal jurisdiction over Perfection only, lis pendens,[3]forum non conveniens, and improper venue. None of the Tank Manufacturers are Louisiana corporations and their principal places of business are not in Louisiana.
The trial court sustained Perfection's and American Meter's exception of lack of personal jurisdiction over Perfection as to the claims of the Tank Manufacturers as assignees of the claims of non-Louisiana residents, but overruled the exceptions of Perfection and American Meter asserting jurisdiction as to the claims of the Tank Manufacturers as assignees of the claims of Louisiana residents and as to their direct causes of action.
The record before us establishes that Perfection is not a Louisiana corporation and is not licensed to do business in Louisiana. No dip tube sold by Perfection to the Tank Manufacturers was shipped to Louisiana except in the form of a component part of a completely manufactured water heater. Perfection did have some contacts with Louisiana, but they were unrelated to the dealings with the six plaintiffs. The contacts consisted of the sale of products used primarily in the natural gas industry. Billings for the Louisiana sales post-1994 always totaled less than $12,000.00 per annum and averaged approximately $8,000.00 per annum. Additionally, Perfection sold approximately $46,000.00 per annum of products other than dip tubes that were delivered in Louisiana but billed to non-Louisiana locations.
The Tank Manufacturers assert that they sold hundreds of thousands of water *618 heaters in Louisiana with Perfection dip tubes. They further assert that some of them purchased dip tubes exclusively from Perfection, that one of them had an exclusive agreement with Perfection for a non-dip tube product used in its water heaters, that one manufacturer advertised a Perfection dip tube under its own product name, and that Perfection continues to advertise nationally in trade journals and continues to maintain a national toll free telephone number.
Due process limits the authority of a state court to exercise personal jurisdiction over a nonresident defendant. Personal jurisdiction may, however, be exercised over a nonresident defendant who purposefully establishes minimum contacts in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). A consumer's unilateral act of bringing a defendant's thing[4] into the forum state is not sufficient to establish personal jurisdiction over the nonresident defendant. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Foreseeability is not a sufficient basis for jurisdiction. Id. The placement of a thing into the stream of commerce is not necessarily an act by a person purposefully directed toward the forum state unless specific acts of the person (e.g., designing a thing for specific marketing in the forum state, advertising of the thing in the forum state, creating channels for providing advice to customers in the forum state, or marketing the thing through a distributor who has agreed to serve as the sales agent in the forum state) indicate that its actions are directed at the forum state. Asahi Metal Ind. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). See, also, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In determining whether due process is being afforded a person, a court should consider the distance that the nonresident party-defendant must travel to defend itself, the expense involved to the party, and whether the interests of the party and the forum state are more than slight. Asahi, supra.
In Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126 (La.4/13/99), 731 So.2d 881, the Louisiana Supreme Court analyzed La. R.S. 13:3201A(8) and La. R.S. 13:3201B concluding that the sole inquiry under Louisiana law into jurisdiction over a nonresident is a one-step constitutional due process analysis. Their analysis found that due process requires minimum contacts and fairness (reasonableness) in asserting jurisdiction. However, the court sidestepped the issue of determining whether the "stream of commerce" theory (World-Wide Volkswagen, supra) or the "stream of commerce plus" theory (Asahi, supra) applied. They did, however, state that the "stream of commerce" theory as it applied to manufacturers (per World-Wide Volkswagen) is dicta. The Court held that because the relationship between the component part manufacturer and the end product manufacturer was close, the nonresident defendant had purposefully availed itself of conducting activities in Louisiana by virtue of large scaled marketing nationwide of its product. The Court further found that fair play and substantial justice had been afforded the defendant because modern transportation had made it less burdensome for the defendant to defend itself in Louisiana and the product had caused a personal injury in Louisiana. By implication, the Court noted that had the case involved a mere indemnity claim, Louisiana might have little interest in the outcome. No international concerns were involved.
*619 In McBead Drilling Co. v. Kremco, Ltd., 509 So.2d 429 (La.1987), the Court held that the manufacturer of component parts of an allegedly defective drilling rig sold to a nonresident drilling company located in the Louisiana-Texas-Arkansas triangle of oil drilling activity was subject to the personal jurisdiction of Louisiana courts.
In Bosarge v. Master Mike, Inc., 95-0986 (La.App. 4 Cir. 1/31/96), 669 So.2d 510, writ denied, 96-0397 (La.3/22/96), 669 So.2d 1214, a nonresident single party plaintiff filed suit against a nonresident defendant for injuries sustained in a work-related accident that occurred in another state. The plaintiff asserted jurisdiction on the basis of the defendant's six prior instances of contacts with Louisiana and on the basis of having obtained commercial fishing and gear licenses to fish in Louisiana. In that context, this court explored the two types of personal jurisdiction of which a Louisiana court might avail itself, namely, "specific" jurisdiction and "general" jurisdiction. We noted that where the injury at issue arose from the defendant's contacts with the state then "specific" jurisdiction exists and the standard for adequate "minimum contacts" is low. However, Bosarge, supra, presented a situation in which the defendant had previous business contacts with the state but the injury at issue did not arise therefrom. We then undertook an analysis of whether Louisiana had "general" jurisdiction over the defendant. We held that the establishment of general jurisdiction required that the defendant have "continuous and systematic general business contacts" with the forum state. Id. at 512. Such is a much higher standard than that required in situations of specific jurisdiction.
We conclude from an analysis of the foregoing cases that Louisiana does have jurisdiction over the respondents's claims against Perfection. Perfection has sufficient minimum contacts with Louisiana and fair play and substantial justice principles are not offended by Louisiana courts exercising jurisdiction. Whether the "stream of commerce" or "stream of commerce plus" theory is applicable, Louisiana has personal jurisdiction over the defendant.
Bosarge, supra, is clearly distinguishable from the case at bar because it involved an instance of general jurisdiction. The matter before us presents with specific jurisdiction.
We are not concerned in the case at bar with any interference or effect on international commerce. The component part (dip tube) manufacturer and end product (water heater) manufacturer had a close relationship. By virtue of the product manufacturers's large scale marketing nationwide of its water heaters, Perfection had purposefully availed itself of conducting Louisiana activities. To assert that Perfection was not aware of the nationwide marketing by respondents defies common sense. Modern transportation makes the defense of this case in Louisiana not materially burdensome.[5] Thousands of end product users (that is, the plaintiffs in the class action litigation that was settled) are in Louisiana, and the evidence affecting those claims relating to Louisiana resident end users is the same as that for all other states. Unlike Asahi, supra, the claims of the plaintiffs are more than mere indemnity for they include claims of warranty, contract, and contribution, as well as the assigned claims of all end product consumers.
In the case at bar, no plaintiff is a Louisiana resident. The plaintiffs's claims are primarily those of indemnification by virtue of the assignment of thousands upon thousands of individual claims from the class action. Yet unlike Asahi, supra, no foreign (i.e., international) party is involved in this case. The defendant could reasonably anticipate litigation in this forum because it understood that its dip tubes were a significant component part of *620 water heaters marketed in every state of the union.
Perfection could alleviate the risk of burdensome litigation by procuring insurance or passing the costs on to the product manufacturers through higher costs for its dip tubes. Perfection, although it did not control the distribution of the plaintiffs's water heaters, was aware of the plaintiffs's distribution system. Implicitly, Perfection knew it would benefit from the sale in Louisiana of water heaters incorporating its component. And they understood that millions of its dip tubes were being incorporated in millions of water heaters of the Tank Manufacturers and that thousands, perhaps millions, of its dip tubes were being transported to Louisiana. Thus, Perfection purposefully availed itself of the laws of Louisiana.[6]
We find that Fox v. Board of Supervisors of La. State Univ., 576 So.2d 978 (La.1991) disposes of the issue of whether the Tank Manufacturers's claims should be dismissed on the basis of forum non conveniens. "[T]he power to dismiss for [forum non conveniens] is not within the inherent power of Louisiana courts as part of the basic law of this state." Id. at 991. Only those specific limited circumstances specified in La. C.C.P. art. 123 are grounds for a forum non conveniens dismissal. Although subsection B of La. C.C.P. art. 123 would allow a dismissal without prejudice, we note that the plaintiffs are the assignees of the claims of Louisiana resident end product consumers. Had the United States District Court in Missouri not assigned the claims of the Louisiana resident class action plaintiffs to the Tank Manufacturers, those Louisiana residents could have maintained their causes of action against Perfection in a Louisiana court. We therefore find that the trial judge did not abuse her discretion to refuse to dismiss on the basis of forum non conveniens.
Similarly, we find no abuse of discretion on the part of the trial judge for failure to dismiss for improper venue. Arguably, since some of the water heaters were installed or used in Orleans Parish, the damages sustained relating to defective dip tubes occurred in Orleans Parish. Venue is proper in a parish where injury or damage resulting from an offense is sustained. La. C.C.P. art. 74.
For the foregoing reasons, we reverse that portion of the trial court's judgment sustaining Perfection's and American Meter's exception of lack of personal jurisdiction as to the claims of the Tank Manufacturers against Perfection relating to non-Louisiana residents. In all other respects, we affirm the judgment of the trial court.
WRIT GRANTED; AFFIRMED IN PART; AND REVERSED IN PART.
BAGNERIS, J., concurs.
BAGNERIS, J., concurring:
I respectfully concur in the granting of relator's writ application, which reverses in part and affirm in part the judgment of the trial court.
NOTES
[1] The Tank Manufacturers and Perfection were co-defendants.
[2] Perfection is a subsidiary of American Meter Company.
[3] Perfection and American Meter do not address the overruling of the exception of lis pendens in this application. Therefore, we do not address the issue.
[4] Because our Civil Code deals with a product or item as a "thing," we use our civilian term to describe the plaintiffs's water heaters and defendant's dip tube as a "thing." See La. C.C. art. 2448 et seq.
[5] Litigating this case in Louisiana may be equally burdensome on all parties.
[6] We find from the writ application no evidence supporting personal jurisdiction over American Meter. The mere allegation that Perfection is a subsidiary (i.e., separate corporate entity) as opposed to a division (i.e., a non separate entity) does not appear sufficient to establish personal jurisdiction under the jurisprudence cited above.